John C. Fair, Sr., Appellant v. Jeremiah P. Delaney, A. Russell Parkhouse, Frank W. Jenkins, Lawrence H. Curry and Henry E. Pennington, Appellees. (2 Cases)

Argued April 6, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

104

*J. Peirce Anderson,* with him *Kane, Pugh, Anderson, Subers & McBrien,* for appellant.

*Joseph A. Smyth,* Assistant County Solicitor, for appellees.

OPINION BY JUDGE WILKINSON, JR., April 27, 1978:

Appellant was employed as a full-time deputy sheriff in Montgomery County. On November 14, 1975, appellant received a dismissal order, effective immediately, dismissing him for "improper attitude and conduct unbecoming a deputy sheriff." On December 5, 1975, appellant made a written request to appellee sheriff (sheriff) for a hearing. Counsel for the sheriff replied that since the sheriff would testify in such a hearing, the hearing should be sought before appellee Commissioners of Montgomery County (Commissioners). A written request to the Commissioners for a hearing was denied. On January 26, 1976, appellant filed a petition for declaratory judg-

ment and a complaint in mandamus with the Montgomery County Court of Common Pleas, both alleging that he was entitled to a hearing. Appellees demurred to both the petition and complaint, alleging failure to state a cause of action, and moved to quash both on the grounds that appellant failed to appeal his discharge within the 30-day limit for appeals of final adjudications prescribed by Section 7 of the Local Agency Law (Local Agency Law), Act of December 2, 1968, P.L. 1133, *as amended*, 53 P.S. §11307, one of the statutory bases of appellant's claims for relief. The common pleas court ruled that an "adjudication" had been rendered (as defined in Section 2(1) of the Local Agency Law, 53 P.S. §11302(1)) but that an appeal under the Local Agency Law was not timely. It therefore granted appellees' motions to quash. This appeal followed.

Appellant's first argument that he is entitled to a hearing is based upon the Act of May 31, 1974, P.L. 296, *as amended*, 16 P.S. §4221.1 et seq. (known as and referred to here as the Deputy Sheriffs Act). Section 10(b) of the Deputy Sheriffs Act, 16 P.S. §4221.10(b), provides, *inter alia*, that a person reduced in rank, suspended, furloughed or discharged has a right to appeal to the county civil service commission for a hearing on the reasons or charges preferred against him. We must reject appellant's argument, however, because the Deputy Sheriffs Act is inapplicable to him. Section 1 of the Deputy Sheriffs Act, 16 P.S. §4221.1, refers expressly and only to deputy sheriffs in "a county of the second class." Montgomery County is not a second class county, but rather a second class A county, having been designated as such pursuant to a 1967 amendment[1] to Section 210 of the Second Class County Code (Code),

---

[1] Act of October 20, 1967, P.L. 742.

Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. §3210, which created second class A counties.

Appellant argues that Montgomery County is nonetheless subject to the Deputy Sheriffs Act because the same legislation which created second class A counties also provided, in an amendment to Section 102 of the Code, 16 P.S. §3102, that "[e]xcept where otherwise specifically limited, this act applies to all counties of the second class and second class A." Especially since the Deputy Sheriffs Act postdates the amendment to the Code creating second class A counties by nearly seven years, we hold that the express reference in the Deputy Sheriffs Act only to "a county of the second class" is the type of specific limitation contemplated by the legislature precluding construction of the Deputy Sheriffs Act to apply to a second class A county as well.

Appellant's next argument that he is entitled to a hearing is based on Section 4 of the Local Agency Law, 53 P.S. §11304, which states, in pertinent part, that "[n]o adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and opportunity to be heard." Accepting appellant's premise that he was employed by a "local agency," as defined in Section 2(2) of the Local Agency Law, 53 P.S. §11302(2), we must now determine whether an "adjudication" was rendered within the meaning of the statute. As defined in Section 2(1) of the Local Agency Law, an "adjudication" is:

[A]ny final order, decree, decision, determination or ruling by a local agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which in-

volves the seizure or forfeiture of property, or which involves paroles or pardons.

Crucial to our determination, therefore, is the question whether appellant enjoyed a "property right" in his employment as a deputy sheriff. In *Amesbury v. Luzerne County Institution District*, 27 Pa. Commonwealth Ct. 418, 421, 366 A.2d 631, 633 (1976),[2] we held that an individual employed at the will and pleasure of county commissioners has no protectable property interest in such employment. Judge MENCER, speaking for this Court, stated: "[a]n enforceable expectation of continued public employment can exist only if the employee, by statute or contract, has been granted some form of guarantee." We held, therefore, that such individual has no right to a hearing under the Local Agency Law. Here, appellant was appointed as a deputy sheriff, and, under Section 1205 of the Code, 16 P.S. §4205, such appointment may be revoked in the same manner as may the appointment of a chief deputy under Section 1203 of the Code, 16 P.S. §4203, *i.e.*, "by the sheriff at pleasure." We conclude, therefore, that appellant had no property right in his employment as a deputy sheriff and thus no "adjudication" could have been rendered upon which he may now assert a right to a hearing under the Local Agency Law.

Since we have concluded that there was no "adjudication" so as to make the Local Agency Law applicable in this case, we need not reach the question of whether the appeal was timely. We conclude that appellant has no grounds upon which to support his claim of a right to a hearing, we find that neither his petition for declaratory judgment nor his complaint in mandamus state a cause of action upon which the

---

[2] Judge CIRILLO did not have the benefit of this opinion which was filed December 8, 1976 when he filed his opinion in this case for the trial court on October 19, 1976.

relief sought can be granted. Therefore, appellees' demurrers to both the petition and complaint, based upon a failure to state a cause of action, must be granted.

Accordingly, we will enter the following

ORDER

Now, April 27, 1978, the orders of the Montgomery County Court of Common Pleas, at Nos. 76-1241 and 76-1242, dated September 27, 1976, granting appellees' motions to quash, are vacated. The matter is remanded to the Montgomery County Court of Common Pleas with instructions to sustain appellees' preliminary objections, in the form of a demurrer to the complaint in mandamus at No. 76-1241 and to the petition for declaratory judgment at No. 76-1242, and to dismiss the complaint in mandamus and the petition for declaratory judgment at the respective docket numbers above.