Judith A. McCorkle, Appellant *v.* Bellefonte Area Board of School Directors et al., Appellees.

Argued February 9, 1979, before Judges Rogers, Blatt and DiSalle, sitting as a panel of three.

*Priscilla M. Walrath,* with her *William A. Hebe,* and *Spencer, Gleason & Hebe,* for appellant.

*John R. Miller,* with him *Miller, Kistler & Campbell, Inc.,* for appellee.

Opinion by Judge DiSalle, April 10, 1979:

Judith A. McCorkle (Appellant) asks that we reverse the order of the Court of Common Pleas of Centre County sustaining the preliminary objections of the Bellefonte Area Board of School Directors (School Board) to her complaint in mandamus seeking reinstatement. This we decline to do.

On August 21, 1972, the Superintendent of the Bellefonte Area School District (School District) interviewed Appellant, a certified public school teacher, in an effort to fill a vacancy created by the eleventh-hour resignation of one of the School District's teachers. By letter dated August 29, 1972, the Superintendent advised Appellant as follows:

I wish to inform you that I am recommending you to the Bellefonte Area Board of Education for a secondary math teaching position for the 1972-73 school term. The Board will take action on this recommendation at their next meeting to be held September 19, 1972. . . . P.S. This is your authority to report for work.

Appellant reported to work and taught for four school days, until a teachers' strike interrupted her duties. On or about September 20, 1972, Appellant received the following letter from the Superintendent:

At the regular meeting of the Bellefonte Area Board of Education held September 19, 1972, no action was taken on the recommendation for your election as a math teacher in the Bellefonte Area School District. Because no action was taken your services are terminated, effective immediately. You will receive pay for four days, September 5-8.

Thank you for filling a vacancy during our initial days of school.

On December 15, 1975, Appellant filed an action in mandamus seeking reinstatement without loss of compensation and fringe benefits. The School Board filed preliminary objections in the nature of a demurrer which were sustained by the Court of Common Pleas of Centre County.

It is clear that if Appellant were in fact hired by the School Board as a temporary professional em-

ploye and subsequently dismissed, the Board's failure
to comply with the dismissal procedures set forth in
Section 1108 of the Public School Code of 1949
(Code), Act of March 10, 1949, P.L. 30, *as amended*,
24 P.S. §11-1108, would require a reversal of the low-
er court. Section 1101 defines "temporary profession-
al employe" as anyone "who has been *employed* to
perform, for a limited time, the duties of a newly cre-
ated position or of a regular professional employe
whose services have been terminated by death, resig-
nation, suspension or removal." (Emphasis added.)

In deciding whether the School Board "employed"
Appellant, we must consider Section 508 of the Code,
24 P.S. §5-508, which provides in pertinent part:

> The affirmative vote of a majority of all the
> members of the board of school directors in
> every school district, duly recorded, showing
> how each member voted, shall be required in
> order to take action on the following subjects:
>
> . . . .
>
> Appointing . . . teachers.
>
> . . . .
>
> Entering into contracts of any kind . . .
> where the amount involved exceeds one hundred
> dollars ($100).
>
> Fixing salaries or compensation of . . . teach-
> ers. . . .
>
> . . . .
>
> Failure to comply with the provisions of this
> section shall render such acts of the board of
> school directors void and unenforceable.

It is undisputed that Appellant had no contract
with the School District and that the School Board
never voted to hire her. Therefore, we can only con-
clude that she is not a "professional employe" en-

titled to the protections of Section 1108. *See Gordon v. Board of Directors of West Side Area Vocational Technical School,* 21 Pa. Commonwealth Ct. 616, 347 A.2d 347 (1975).

Appellant argues that although the School Board did not act to hire her, the Superintendent, as agent of the School District, had the authority to hire her, and did in fact do so. She asks that we reverse the lower court and afford her the opportunity to establish, at trial, an agency relationship between the Superintendent and the Board.

It is clear to us that, assuming, arguendo, the Superintendent possessed the authority to hire Appellant, he did not hire her in this instance. His letter simply authorized her to report for work, subject to the requirement that the School Board eventually act on his recommendation. Thus, the issue of his authority to hire her becomes irrelevant.

Petitioner next argues that since she did not receive a hearing as required by Section 5 of the Local Agency Law (Law), 2 Pa. C.S. §504, she must be reinstated. We disagree. Section 5 of the Law states that " [n]o adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." It defines "adjudication" as " [a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." Appellant, having no contract and no enforceable expectation of continued employment, had no "personal or property rights" which were affected by the School Board's decision not to hire her. *Fair v. Delaney,* 35 Pa. Commonwealth Ct. 103, 385 A.2d 601 (1978); *Amesbury v. Luzerne County Institution District,* 27 Pa. Commonwealth Ct. 418, 366 A.

2d 631 (1976). Thus, the decision was not an adjudication and the School Board was not required to give her a hearing.

Since we find in favor of the School Board, we need not discuss its argument that Appellant's suit is barred by laches.

ORDER

AND Now, this 10th day of April, 1979, the order of the Court of Common Pleas of Centre County, dated December 14, 1977, sustaining the preliminary objections of the Bellefonte Area Board of School Directors, is hereby affirmed.