In Re: Appeal of Betty Colban. Betty Colban, Appellant.

Argued February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*David J. Brightbill, Siegrist, Koller, Brightbill & Long,* for appellant.

*John R. Kelsey, III,* for appellee.

OPINION BY JUDGE ROGERS, March 26, 1981:

The appellant, Betty Colban, was dismissed from her employment at the Life Support Facility operated by the Lebanon County Mental Health/Mental Retardation Program on the grounds of Cedar Haven, the Lebanon County Home. Colban was a county employee. Shortly after she was employed on May 11, 1976, she was supplied with the Cedar Haven Employee Handbook and told that the Handbook governed the terms and conditions of her employment.

Colban was dismissed on October 3, 1979, for in the words of the letter of dismissal, "[participating] in griping sessions with and about fellow employees". By her counsel, she requested the County Commissioners to provide her a hearing concerning the dismissal. The request was refused and she appealed the Commissioners' action refusing the hearing to the Court of Common Pleas, alleging that her dismissal without notice of a hearing or opportunity to be heard was contrary to provisions of the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754. The court, after hearing, held that Colban's employment was at the will of her employer; that she had no contract which gave her a right to continued employment; and that she was not entitled to a Local Agency Law hearing. This appeal followed.

Section 5 of the Local Agency Law, 2 Pa. C. S. §553 provides that "[n]o adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." Adjudication is defined at 2 Pa. C. S. §101 as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to

the proceedings in which the adjudication is made." If Colban had a property right in her employment, her dismissal affected that right and was an adjudication lacking validity without notice of hearing and an opportunity to be heard. If she had no property right in her employment, there was no adjudication and no right to hearing. *Amesbury v. Luzerne County Institution District*, 27 Pa. Commonwealth Ct. 418, 421, 366 A.2d 631, 633 (1976).

One may have a property right in public employment if he has an enforceable expectation of continued employment or "some form of guarantee". *McCorkle v. Bellefonte Area Board of School Directors*, 41 Pa. Commonwealth Ct. 581, 585, 401 A.2d 371, 374 (1979); *Fair v. Delaney*, 35 Pa. Commonwealth Ct. 103, 385 A.2d 601 (1978).

Colban says that the following provisions of the Cedar Haven Handbook furnished her a form of guarantee of continued employment and therefore a property right in her employment:

5.7 Disciplinary Procedure — Administration reserves the right to amend and alter these rules as needed. Disciplinary action will be taken against employees for violations and infractions of the rules and policies in this handbook. Generally the following disciplinary procedure will be in effect for employees.

1st Offense — oral warning to be documented and placed in the employee's personnel folder.

2nd Offense — written reprimand to be placed in the employee's file.

3rd Offense — written warning with the possibility of suspension if warranted.

4th Offense — suspension pending termination.

The disciplinary procedure excludes those offenses where immediate suspension pending termination of employment is warranted. Neglect of the care of residents. affecting patient's health, safety or mental well-being, use of intoxicating liquids on County premises or reporting to work under the influence of narcotic drugs of any kind, sabotage, theft of county, employee or patient's property are cause for automatic suspension pending termination. Additionally, depending on the severity, fighting and insubordination may also be cause for immediate suspending termination.

Appropriate disciplinary action will be taken for violation or infraction of the following rules:

....

[There follows a list of offenses lettered from a. to u., only one of which we have reproduced.]

i. Gossiping and discussion of personal problems must not be carried on during working hours.

These provisions, paraphrased, say that (except in the cases of the serious offenses described in the second paragraph) oral warning, written reprimand and written warning would precede any form of discipline for the lesser offenses, including among which is "gossiping during working hours" — the offense for which, under a slightly different description, Colban was dismissed. We agree that implicit in these provisions is a form of guarantee of employment during unoffending conduct or until after being thrice warned of a minor infraction. We discern no significant difference between these rules and the provisions of the Public School Code of 1949 giving temporary professional employees regular status after two years unless rated unsatisfac-

tory, which we have held provide a discharged temporary professional employee with a property right in her public employment. *McKelvey v. Colonial School District*, 22 Pa. Commonwealth Ct. 207, 348 A.2d 445 (1975). *See also Kretzler v. Ohio Township*, 14 Pa. Commonwealth Ct. 236, 322 A.2d 157 (1974).

We attach no significance to the fact that the Cedar Haven Employee Handbook was placed in Colban's hands a few days after she began working for the county. The testimony of the supervisor of the Life Support Facility and of the administrator of the Mental Health/Mental Retardation Program was to the effect that the purpose of the Handbook was to explain the rights and obligations of the employees; that employees were instructed to refer to the Handbook for answers to their questions concerning the rules and regulations governing their employment; and that all Cedar Haven and Life Support Facility employees were told at the time of their hiring that they were bound by the terms of the Handbook.

Our decision here comports with, and is indeed compelled by, the holding of *DeFrank v. Greene County*, 50 Pa. Commonwealth Ct. 30, 412 A.2d 663 (1980) that the Greene County Commissioners were estopped from denying the validity of their personnel manual assuring job security and right to a hearing in proceedings by a dismissed employee for reinstatement based on the alleged denial of the promised hearing.

Order reversed, with direction to the County of Lebanon to provide Colban with a hearing conforming to the provisions of the Local Agency Law.

ORDER

AND Now, this 26th day of March, 1981, the order of the Court of Common Pleas of Lebanon County is reversed, with direction to the County of Lebanon to

provide Colban with a hearing conforming to the provisions of the Local Agency Law.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON.