David J. Pivarnik, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued February 2, 1984, before Judges MAC-PHAIL, PALLADINO and BLATT, sitting as a panel of three.

*Timothy W. Pawol,* for petitioner.

*Michael J. McCaney, Jr.,* Assistant Counsel, with him *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE BLATT, April 25, 1984:

David J. Pivarnik (petitioner) appeals here from a decision of the Pennsylvania Department of Transportation (PennDOT), discharging him from his position as a Highway Maintenance Manager 1.

The facts are not in dispute. In August, 1981, PennDOT hired the petitioner on a 12-month probationary basis for a non-union, non-civil service position. It supplied him with a copy of its employee handbook which contains, among other things, a procedure for filing employee grievances, and, following his dismissal in October, 1982, he filed a grievance which proceeded through a third step grievance meeting, at which point, his discharge was made final.[1] The present appeal ensued.

The petitioner argues that his termination was invalid because he was denied a due process hearing as set forth in the Administrative Agency Law, 2 Pa. C. S. §504. He further contends that he is entitled to a

---

[1] The *Employe Handbook, Department of Transportation* sets forth the following procedure for handling grievances of non-union employees:

If you have a grievance, you should bring it to the attention of your immediate supervisor. If that answer does not resolve your grievance, you should follow the established procedure for appealing the matter to higher administrative levels.

Following are the steps of the grievance procedure for employes not covered by a collective bargaining agreement:

First Step—County Manager or appropriate District or Bureau Supervisor

Second Step—Head of District or Bureau

Third Step—Agency Head

Fourth Step—Office of Administration

Special Note—*Any grievance appealing a just cause suspension, demotion or dismissal should be submitted directly to the third step where the decision is final and binding.* (Emphasis in original.)

*See* Record at R27.

due process hearing because he gained a property right in his employment, *i.e.* a reasonable expectation of continued employment, when he completed his 12-month probationary period and became a "permanent employe".[2] While PennDOT admits that the petitioner did not receive a due process hearing, it argues that the decision to discharge him was not an "adjudication",[3] as the term is defined under Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101, and that he was consequently entitled to neither a due process hearing[4] nor to an appeal[5] from that decision. We are asked, therefore, to dismiss the appeal.

---

[2] "Permanent employe" is defined in PennDOT's Personnel Policies and Procedures as "[a]n employe who is hired with the expectation of being in an active pay status for more than 12 consecutive months or who is hired with the expectation of being in an active pay status from 9 to 12 consecutive months inclusive and with the expectation of working on an annually recurring basis." *See* Record at R70.

[3] "Adjudication" is defined in Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101, as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions."

[4] Under Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504, "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings."

[5] Under Section 702 of the Administrative Agency Law, 2 Pa. C. S. §702, "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)."

This Court held in *Amesbury v. Luzerne County Institution District,* 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976) that a property right exists in public employment where the employee has an enforceable expectation of continued employment and that such an enforceable expectation is present "only if the employee, *by statute or contract,* has been granted some form of guarantee." *Id.* at 421, 366 A.2d at 633 (emphasis added). The petitioner here, however, is admittedly a non-union, non-civil service employee. He cannot, therefore, point to any statute which would guarantee him continued employment. He argues, of course, that the employee handbook distributed by PennDOT is a contract which affords him the necessary guarantee, but PennDOT contends that the only contract which can guarantee a public employee an enforceable expectation of continued employment is a collective bargaining agreement.

In Pennsylvania, public employees gain an enforceable expectation of continued employment in their jobs through legislative action.[6] *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960).[7] An employee handbook issued by a Commonwealth agency, of course, is not a legislative action in itself, and cannot be considered a contract guaranteeing a property right in employment unless the legislature

---

[6] *See e.g.* the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§741.1-741.1005; the Public Employee Relations Act (Act 195), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§1101.101-1101.2301; and the Teacher Tenure Acts, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§11-1121—11-1141.

[7] In *Scott,* the Pennsylvania Supreme Court wrote that:
Tenure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis, is, where it exists, a matter of legislative grace. . . . In general, the legislature has conferred tenure as an integral part of a comprehensive governmental employment

has so provided. *See Mahoney v. Philadelphia Housing Authority,* 13 Pa. Commonwealth Ct. 243, 320 A.2d 459 (1974), *cert. denied,* 419 U.S. 1122 (1975). Yet no legislative enactment has been cited which would enable PennDOT to enter into an employment contract guaranteeing tenure with a non-union, non-civil service employee.

The petitioner's reliance on *DeFrank v. County of Greene,* 50 Pa. Commonwealth Ct. 30, 412 A.2d 663 (1980) and *Colban Appeal,* 58 Pa. Commonwealth Ct. 104, 427 A.2d 313 (1981) is misplaced. In *DeFrank v. County of Greene,* a discharged county employee argued that the County was estopped from denying the validity of the procedures for discharge set forth in its personnel manual and this Court agreed. Here, however, PennDOT followed the procedure outlined in the employee handbook. Moreover, the petitioner's argument is not based on principles of estoppel, but on the premise that he enjoys a property right in his employment and should consequently have been afforded a due process hearing in compliance with the Administrative Agency Law. In *Colban Appeal,* we held merely that the discharge procedure contained in the county's employee handbook was "a *form of guarantee of employment during unoffending conduct or until after being thrice warned of a minor infraction."* *Id.* at 107, 427 A.2d at 314 (emphasis added). We did *not* hold that the employee handbook was a contract granting the employee a property right in his employment.

_____

scheme such as those embodied in the Civil Service Act or the Teacher Tenure Acts. . . . Importantly, it is not until an employee has qualified under the systems that he is entitled to his tenure rights. (citation omitted.) * * * Furthermore, where the legislature has intended that tenure should attach to public employment, it has been very explicit in so stating.

The petitioner's argument that his status as a "permanent employee" provides him with an enforceable expectation of continued employment or a property right must also fail. Our Supreme Court in *Scott* specifically stated that whether or not a public employee has a property right in his employment is "a matter of legislative grace," *Scott,* 402 Pa. at 154, 166 A.2d at 280, and in no way has our legislature provided that a person designated as a "permanent employee", who is also a non-union, non-civil service employee, has been thereby provided with a right in employment.

The petitioner here does not have a property right in his position, and a decision to dismiss him cannot be considered an adjudication under the Administrative Agency Law, nor is he entitled to a due process hearing before discharge.

We will, therefore, dismiss the present appeal.

### Order

And Now, this 25th day of April, 1984, the appeal in the above-captioned matter is hereby dismissed.

Jurisdiction relinquished.