528 A.2d 1017

William A. Jacoby, Appellant *v.* Suzanne Vastine Smith, Prothonotary for the County of Northumberland and County of Northumberland, Appellees.

Argued April 22, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS, and PALLADINO.

*Allen K. Neyhard,* for appellant.

*Charles H. Saylor, Wiest, Wiest, Saylor & Muolo,* for appellee, Suzanne Vastine Smith.

*G. Robert Fitzpatrick,* for appellee, County of Northumberland.

OPINION BY JUDGE COLINS, July 15, 1987:

William Jacoby (appellant) appeals an order of the Court of Common Pleas of Northumberland County which dismissed his appeal from an alleged adjudication of a local agency.

For purposes of considering the motions to dismiss, the trial court accepted as true all facts alleged in the appellant's appeal. These indicated that the appellant was appointed Deputy Prothonotary by the elected Prothonotary of Northumberland County, whose term was scheduled to expire January 5, 1986; that the appellant's duties were generally routine or clerical in nature; and that, following the then Prothonotary's retirement in late 1984, Suzanne Smith (appellee) was appointed to serve as Prothonotary for the remainder of the unexpired term. Both she and the appellant sought the Republican nomination for the Office of Prothonotary in the May, 1985, primary election and, shortly after appellee won the election, she dismissed the appellant without giving any reasons for the discharge or any prior notice that his work was unsatisfactory. It was alleged that the reason for the appellant's discharge was his attempt to obtain the nomination for himself.

The appellant thereafter filed in the common pleas court an action he designated as an appeal from an adjudication of a local agency, setting forth the above facts and alleging therein that he had been dismissed because he had sought the nomination appellee had won. Asserting that the common pleas court lacked jurisdiction, the appellee moved to dismiss the matter. The trial court dismissed the matter on the basis that there had been no *adjudication* within the meaning of Section 101 of the Local Agency Law, 2 Pa. C. S. §101, because the dismissal did not affect any property right possessed by the appellant. It reasoned that the appellant did not have any enforceable expectation of continued public

employment by virtue of any statute or contract. In particular, the court noted that Section 2735(a) of the Judicial Code provides that a "prothonotary may appoint and remove such deputies and administrative staff . . . as may be necessary." 42 Pa. C. S. §2735(a). It was further noted that Section 450(b) of the County Code,[1] Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §450(b), pertinently provides that appointees to county offices other than elected offices are subject to removal at the pleasure of the appointing authority unless otherwise expressly provided by law.

The appellant contends that he enjoyed a property right in his position as deputy prothonotary by virtue of his tenure in office and his appointment by the appellee's predecessor. He first argues that he had a contractual right to continued employment through January 5, 1986, by virtue of his appointment by the appellee's predecessor. He asserts that such appointment had the force of law because it was made pursuant to Section 2735 of the Judicial Code, which pertinently provides: "(a) **General Rule.**—The prothonotary may appoint and remove such deputies and other administrative staff of the office of the prothonotary as may be necessary." 42 Pa. C. S. §2735(a).

It is, of course, well-established that a property right in continued public employment exists only where such

---

[1] The appellant also cites several federal court cases concerning the rights of public employees purportedly dismissed in retaliation for exercising rights of free speech. Accepting the appellant's analysis in this respect does not compel a different result than that reached by the trial court in the instant case, however. The appellant may well have a valid basis for maintaining a wrongful discharge action, but the purported violation of his constitutional rights does not somehow vest him with a *property interest* in continued employment essential to demonstrating an adjudication by a local agency.

an employee has an enforceable expectation of such continued employment by virtue of contract or statute granting some form of guarantee. *Guthrie v. Borough of Wilkinsburg,* 505 Pa. 249, 478 A.2d 1279 (1984); *Pivarnik v. Department of Transportation,* 82 Pa. Commonwealth Ct. 42, 474 A.2d 732 (1984). While it is not controverted that the appellant's initial *appointment* had the force of law, there is no authority providing any guarantee of *continued* employment in such a position.

The appellant further argues that, inasmuch as Article VI, Section 7 of Pennsylvania's Constitution provides that "[a]ppointed civil officers may be removed at the pleasure of the power by which they have been appointed," he, being a public employee rather than a public officer, could not have been removed at will absent statutory authority for doing so.

This argument, however, is contrary to the case law manifest in the above-cited cases. As the appellant concedes, moreover, Section 450(b) of the County Code pertinently provides that appointees to county offices or non-elected positions are subject to removal at the pleasure of the appointing authority. Contrary to the appellant's suggestion, we perceive no basis on which to find that the authority to discharge an employee is a power personally affixed only to the person holding the appointive office at the time of hiring. Such authority, we believe, is not personal, but extends to whomever is responsible for discharging the duties of the appointing office.

The appellant further maintains that Section 2735 of the Judicial Code, 42 Pa. C. S. §2735, expressly provides otherwise, and should be given precedence. Our review of the Judicial Code fails to reveal support for the appellant's assertion, and we consequently reject his argument that the statutory framework within which his appointment was made endowed him with the requisite

property interest to render his dismissal an adjudication within the ambit of the Local Agency Law.

The appellant also brings to this Court's attention several United States Supreme Court cases to support his contention that he possessed a property right in continued employment pursuant to a number of federal decisions, notably *Perry v. Snidermann,* 408 U.S. 593 (1972), and *Board of Regents v. Roth,* 408 U.S. 564 (1972). In the *Perry* case, a teacher in a state college system had received four successive one year contracts but was not offered a fifth. The allegations that there was a practice whereby such teachers were reasonably assured of renewal was held sufficient to establish a property interest in continued employment subject to due process protection. The factual matrix here is clearly different and more analogous to the situation presented in the *Roth* case, where no reasonable expectation of employment or any corresponding due process right was found to be owed to a dismissed assistant professor in the absence of any statutory or administrative standards concerning re-employment.

In view of the foregoing, we believe that the trial court correctly determined that the appellant did not possess a property interest in his continued employment. Inasmuch as no cognizable interest existed in such employment, his dismissal consequently did not constitute an adjudication for purposes of invoking the appeal provisions of the Local Agency Law.

We will, therefore, affirm the order of the Court of Common Pleas of Northumberland County.

## ORDER

AND NOW, this 15th day of July, 1987, the order of the Court of Common Pleas of Northumberland County in the above-captioned matter is hereby affirmed.