**Koleen SHORT**

**v.**

**BOROUGH OF LAWRENCEVILLE,**
**Appellant.**

Commonwealth Court of Pennsylvania.

Submitted April 15, 1996.
Decided Oct. 3, 1996.
Reargument Denied Nov. 19, 1996.

Robert W. Kuhl, Lawrenceville, for Appellant.

William A. Hebe, Wellsboro, for Appellee.

Before PELLEGRINI and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

FLAHERTY, Judge.

The Borough of Lawrenceville (Borough) appeals from the May 31, 1995, decision and order of the Court of Common Pleas of Tioga County (trial court), which held that Koleen Short (Short) was entitled to a due process hearing in connection with her dismissal and remanded the case to the Borough with instructions to conduct a hearing pursuant to Local Agency Law.[1] We affirm.

Short was employed by Borough as secretary/treasurer from July of 1991, to October 3, 1994, at which time she was discharged without notice. On October 3, 1994, during its regular meeting, the Borough council

1. 2 Pa.C.S. §§ 551—555, 751—754.

unanimously voted to dismiss Short for "gross accounting irregularities." (October 3, 1994, minutes of the Lawrenceville Borough Council Regular Meeting, "Personnel and Appointment" section.)[2] The Borough then had a police officer escort Short from the building and watch her as she gathered her personal belongings. The officer informed Short "that she would be arrested if she were found in the Borough Office." *Id.* By a February 15, 1995 letter to Borough's solicitor, Short requested a hearing in connection with her discharge. Borough never responded to this request.

On March 14, 1995, Short appealed to the trial court,[3] arguing she was entitled to a due process hearing pursuant to the provisions of her employment contract with the Borough, and the Borough's personnel policy of January 1, 1978 (personnel policy). Additionally, Short argued that a series of statements made by the Borough and its agents has blackened her reputation, thereby entitling her to a hearing to clear her name. Borough argued that Short was an at-will employee and, therefore, not entitled to a hearing under Local Agency Law in connection with her termination.

By its May 31, 1995, opinion and order, the trial court held that Borough, through its personnel policy, caused Short to have an "expectation of continued employment with the guarantee that dismissal could occur only after due process of law." (Trial court opinion at 2.) Therefore, the trial court held that Short was entitled to a hearing concerning her termination and remanded the matter to the Borough to conduct a hearing.[4] Borough appealed to this court.[5]

Borough presents two issues on appeal: (1) whether a copy of the policy manual containing provisions for "due process" in connection with an employee's dismissal, which is provided to an otherwise at-will employee, is part of, or is itself, a contract of employment, requiring a hearing to be held under Local Agency Law, and (2) whether Short is entitled, under Local Agency Law, to a remand to the Borough for a hearing surrounding alleged defamation by the Borough or its agents.[6]

In *Stumpp v. Stroudsburg Municipal Authority*, 540 Pa. 391, 658 A.2d 333 (1995), the Pennsylvania Supreme Court held that "[t]he law in Pennsylvania is abundantly clear that, as a general rule, employees are at-will, absent a contract, and may be terminated at any time, for any reason or for no reason." *Id.* at 395, 658 A.2d at 335 (citations omitted). Further, as argued by Borough, an individual employed by a local agency does not enjoy a property right in his or her employment unless there is an expectation of employment guaranteed by contract or statute. *Gough v. Borough of Norristown*, 66 Pa.Cmwlth. 401, 444 A.2d 839 (1982). Moreover, a municipality is not permitted to enter into employment contracts absent authorizing legislation. *Stumpp.*

Short, before the trial court, stated she is not arguing that the personnel policy establishes a contract of employment, but rather that it gives her a reasonable expectation of continued employment with the guarantee that dismissal could occur only after due process of law, thus triggering the right to a hearing. Short argues that under *Appeal of Colban*, 58 Pa.Cmwlth. 104, 427 A.2d

---

2. Borough, as the Appellant, failed to properly number the pages of the Reproduced Record as required under Pa. R.A.P. 2173. We shall, therefore, cite to the original record.

3. Short filed documentation with the trial court entitled "Local Agency Law Appeal." However, after discussion, the parties apparently agreed that the proceedings before the trial court should have been captioned as an action in mandamus. (T.T. at 1—2.)

4. The trial court did not address Short's argument that she was entitled to a hearing because of alleged defamation.

5. The trial court order is appealable to this court by virtue of Pa. R.A.P. 311(f)(2) which states, in pertinent part, that "[a]n appeal may be taken as of right from ... an order of a common pleas court or governmental unit remanding a matter to an administrative agency or hearing officer that decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed."

6. This court's standard of review is whether the trial court abused its discretion or committed an error of law. *Racunas v. Ringgold School District*, 70 Pa.Cmwlth. 221, 452 A.2d 917 (1982).

313 (1981), the personnel policy provides a guarantee of employment, thus giving her a property right in her employment which entitles her to a hearing under local agency law. Under *Colban*, we held that the discharge procedure contained in the employee handbook was "a *form of guarantee of employment* during the unoffending conduct or until after being thrice warned of a minor infraction." *Id.* 427 A.2d at 314 (emphasis added). However, in *Pivarnik v. Department of Transportation*, 82 Pa.Cmwlth. 42, 474 A.2d 732 (1984), this court clarified *Colban* stating that "[w]e did *not* hold [in *Colban*] that the employee handbook was a contract granting the employee a property right in his employment." *Id.* 474 A.2d at 735 (emphasis in original). Here, as in *Colban*, we do not hold that the personnel policy is a contract granting Short a property right in her employment; nor do we find that the personnel policy grants Short a reasonable expectation of continued employment. We hold, however, that the personnel policy does give Short a reasonable expectation that dismissal can occur only after due process.

▉ Under the section entitled "Release," the personnel policy states that "[t]he authority and final decision on the release of an employee rests solely on the Borough Council. *An employee will be given the due process of law.* One shall be notified in writing and given a two week notice and reason for dismissal." (Exhibit P# 1 (emphasis added).) Local Agency Law, at 2 Pa.C.S. § 553, provides that "[n]o adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." Adjudication is defined at 2 Pa.C.S. § 101, as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or *obligations* of any or all of the parties to the proceeding in which the adjudication is made." (Emphasis added.) The Borough publicly fired Short from her position during a Borough Council meeting. Contrary to the obligation the Borough undertook, thereby assuming a duty, Short

received neither "due process of law," nor was she "notified in writing and given a two week notice" for her dismissal, as was promised by Borough in the personnel policy. Short received no warning, notice or discussion surrounding her dismissal.

The record reveals that Borough, through its personnel policy, undertook an obligation which gave Short an expectation that dismissal could occur only after due process of law.[7] Therefore, as the Borough assumed the duty of providing "due process" to Short regarding her discharge, we shall hold Borough to that obligation.

Accordingly, the May 31, 1995, order of the Court of Common Pleas of Tioga County granting Short a hearing before the Borough Council concerning her dismissal is affirmed.

## ORDER

NOW, October 3, 1996, the May 31, 1995, order of the Court of Common Pleas of Tioga County, No. 156 Civil Division, 1995, is affirmed.

PELLEGRINI, Judge, concurring and dissenting.

Though I concur with the majority that Koleen Short (Short) is entitled to a hearing, I disagree with the majority's reasoning that the Borough of Lawrenceville's (Borough) personnel policy gave her a reasonable expectation that dismissal could occur only after a hearing. Rather, I believe that due to the manner in which Short was dismissed, her reputation was damaged and a hearing required.

Short was employed as the secretary/treasurer of the Borough from July of 1991 until October 3, 1994. At its October 3, 1994 meeting, the Borough council unanimously voted to dismiss Short. The reason cited for her dismissal was "gross accounting irregularities", and a police officer publicly escorted her from that meeting, informing her that "she would be arrested if she were found in the Borough Office." Though Short requested a hearing in connection with her dis-

---

7. We need not rule on the second issue raised by Borough, concerning alleged defamation, because it has been decided that Short is entitled to a remand.

charge, the Borough never responded to that request.

Before the trial court, Short contended that she was entitled to a hearing based on the provisions of the personnel manual that provided that upon dismissal, employees "shall be allowed complete due process of law and shall be informed of the reason(s) for dismissal and allowed appeal procedures", and that her reputation had been blackened so that she was entitled to a hearing in that regard. The trial court, not addressing the injury to Short's reputation, found that the Borough, through its personnel policy, caused Short to have an "expectation of continued employment with the guarantee that dismissal could occur only after due process of law", and held that Short was entitled to a due process hearing.

The Borough appealed to this court, contending that under the Local Agency Law, its personnel policy did not create a property interest of the expectation of employment so that a due process hearing was inappropriate. Though the majority agreed that the policy did not constitute a contract granting Short a property right in her employment or a reasonable expectation of continued employment, it held that the personnel policy does give her a reasonable expectation that dismissal could occur only after due process.

Employment with the government of this Commonwealth is not a matter to which one has a per se right. *Office of Administration v. Orage,* 511 Pa. 528, 515 A.2d 852 (1986). Absent a contract, local agency employees have no property rights in their employment unless an expectation of continued employment is guaranteed by contract or statute and where no legislative or contractual expectation of employment exists, a public employee is considered to have at-will employment only. *Rowe v. Township of Lower Merion,* 120 Pa.Cmwlth. 73, 547 A.2d 880, 882 (1988).

Commonwealth authorities and agencies do not have the power to enter into contracts of employment that contract away the right of summary dismissal, since the power to confer tenure must be expressly set forth in the enabling legislation. *See Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960). Moreover, an employee

handbook or policy manual that is issued by a Commonwealth agency is not a legislative action in itself and, thus, cannot be considered a contract guaranteeing a property right in employment unless the legislature has so provided. *Pivarnik v. Department of Transportation,* 82 Pa.Cmwlth. 42, 474 A.2d 732 (1984). Because Short has failed to prove that she possessed a valid expectation of continued employment, I disagree with the majority that Short be entitled to a due process hearing.

Nonetheless, I concur with the majority that Short be given a due process hearing, not on a right to continued employment, but based upon her property right in her reputation. Because in Pennsylvania, an individual's reputation is an interest that is recognized and protected by our highest state law—our constitution—the preservation of an individual's reputation is a fundamental interest that cannot be abridged without compliance with the constitutional safeguards of due process and equal protection. *R. v. Department of Public Welfare,* 535 Pa. 440, 636 A.2d 142 (1994); *Simon v. Commonwealth,* 659 A.2d 631 (Pa.Cmwlth.1995). Because Short possesses a property interest, not in her continued employment but in her reputation, and because her reputation may have been injured by the Borough's actions, Short was properly granted a due process hearing.