Grant **GRABFELDER**

v.

**COUNTY OF MONTGOMERY,
Office of the Sheriff**

**Frank P. Lalley, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1997.
Decided March 13, 1997.

Thomas J. Speers, Plymouth Meeting, for appellant.

Blake E. Dunbar, Jr., Blue Bell, for appellee, Grant Grabfelder.

Before McGINLEY and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

The County of Montgomery, Office of the Sheriff (Sheriff), appeals from an order of the Court of Common Pleas of Montgomery County (trial court) which: (1) denied the Sheriff's motion to quash the appeal of Deputy Sheriff Grant Grabfelder (Grabfelder) from a five-day suspension and six-month reduction in rank; (2) vacated the Sheriff's disciplinary letter; and (3) remanded the matter to the Sheriff for a *de novo* hearing under the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754.

On February 8, 1995, the Sheriff issued two Personnel Change Request forms pertaining to Grabfelder. One form requested that Grabfelder's status be reduced from Corporal to Deputy due to disciplinary action. (O.R., Notice of Appeal, Exh. C.) The other form requested that Grabfelder receive a five-day suspension without pay due to disciplinary action. (O.R., Notice of Appeal, Exh. B.)

By letter dated February 10, 1995, the Sheriff notified Grabfelder of the five-day suspension without pay. The Sheriff advised Grabfelder that the discipline was imposed because the Accident Review Board determined that, on January 27–28, 1995, Grab-

felder: (1) operated a county vehicle after consuming alcoholic beverages; (2) was subsequently involved in a traffic accident which resulted in $1,300 to $1,700 in damages; and (3) failed to report the accident to the police or his supervisor. The Sheriff further indicated that Grabfelder's actions violated various departmental policies and procedures. (O.R., Notice of Appeal, Exh. A.)

On February 13, 1995, Grabfelder filed a grievance with the county, arguing that the discipline was excessive under the circumstances and that the Accident Review Board did not conduct a proper hearing. (O.R., Notice of Appeal, Exh. D.) On February 16, 1995, Grabfelder also sent a Grievance Memorandum to the Sheriff setting forth the same arguments. (O.R., Notice of Appeal, Exh. E.)

On March 8, 1995, the Sheriff and Grabfelder met to discuss the matter. By letter dated March 20, 1995, the Sheriff notified Grabfelder that, pursuant to the March 8, 1995 discussion, the Sheriff was modifying the reduction in rank to a six-month reduction in rank, followed by a six-month probationary period after Grabfelder's return to the rank of Corporal. (O.R., Notice of Appeal, Exh. F.)

Grabfelder then filed a Notice of Appeal with the trial court pursuant to the Local Agency Law. Grabfelder alleged that he was denied a proper hearing under the Local Agency Law, and that the Sheriff's discipline was excessive under the circumstances. Grabfelder requested that the trial court order the Sheriff to vacate the suspension and to return Grabfelder to the rank of Corporal with all back pay and benefits. (O.R., Notice of Appeal.) The Sheriff filed a response with New Matter, averring, *inter alia*, that Grabfelder is an employee at will and, therefore, has no right to appeal the Sheriff's disciplinary action.[1] (O.R., Response to Notice of Appeal of Grant Grabfelder.)

Subsequently, the Sheriff filed a Motion for Judgment on the Pleadings with the trial court, arguing that the trial court should

---

1. Grabfelder filed a reply to the Sheriff's New Matter. (O.R., Reply of Appellant Grant Grabfelder to New Matter of County of Montgomery, Office of the Sheriff's Response to Notice of Appeal.)

dismiss Grabfelder's appeal because Grabfelder does not have a property right in his employment with the county. According to the Sheriff's motion, absent an adjudication which affects a property right, the Local Agency Law does not apply. In making this argument, the Sheriff relied upon *Fair v. Delaney*, 35 Pa.Cmwlth. 103, 385 A.2d 601 (1978). (O.R., Motion for Judgment on the Pleadings.)

Grabfelder filed an answer to the Sheriff's Motion for Judgment on the Pleadings with New Matter. In the New Matter, Grabfelder maintained that he has a property right in his employment through the Sheriff's Department Regulations Manual (Regulations Manual), which sets forth specific policies and procedures for the implementation of discipline. Therefore, according to Grabfelder, he is entitled to a hearing under the Local Agency Law.[2] (O.R., Answer of Plaintiff to Motion for Judgment on the Pleadings.)

After oral argument, the trial court entered its March 28, 1996 order, wherein the trial court concluded that the Regulations Manual confers a property right upon Grabfelder. Treating the Sheriff's Motion for Judgment on the Pleadings as a Motion to Quash Appeal, the trial court denied the motion. The trial court then vacated the Sheriff's disciplinary letter and remanded the case to the Sheriff for a proper hearing under the Local Agency Law.

The Sheriff filed a petition for reconsideration or, in the alternative, a petition for certification of the issue as a controlling issue of law pursuant to 42 Pa.C.S. § 702(b).[3] Grabfelder filed an answer to the petition. On April 30, 1996, the trial court denied the

Sheriff's petition for reconsideration but allowed certification of the issue for appellate review.

On appeal to this court,[4] the Sheriff argues that the Regulations Manual does not confer a property right upon Grabfelder such that Grabfelder has a right to appeal the Sheriff's disciplinary action under the Local Agency Law. We agree.

Section 752 of the Local Agency Law, 2 Pa.C.S. § 752 (emphasis added), provides as follows:

> Any person aggrieved by an *adjudication* of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

The term "adjudication" is defined in pertinent part as follows:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or *property rights*, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

2 Pa.C.S. § 101 (emphasis added).

In *Fair*, this court held that a deputy sheriff in Montgomery County has no property right in employment as a deputy sheriff; therefore, the Local Agency Law does not apply to the discharge from employment in that position. In reaching this conclusion, we noted that:

> [a]n enforceable expectation of continued public employment can exist only if the

---

2. Grabfelder evidently filed a Petition for Hearing, which is referenced in the record but is not a part of the record certified to this court. The Sheriff filed a response to the petition with New Matter. (O.R., Response of Sheriff Frank P. Lalley to the Petition for Hearing of Grant Grabfelder.) Grabfelder filed a reply to the New Matter. (O.R., Reply of Appellant Grant Grabfelder to New Matter Contained in Response of Sheriff to Petition for Hearing.)

3. This provision provides in pertinent part as follows:

> When a court ... shall be of the opinion that such [interlocutory] order involves a control-

ling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b).

4. On November 15, 1996, this court issued a Memorandum and Order stating that the Sheriff's appeal was properly before this court pursuant to Pa. R.A.P. 313.

employee, by statute or contract, has been granted *some form of guarantee.*

*Fair,* 385 A.2d at 603 (emphasis added). However, in *Fair,* this court did not address whether an employee manual could constitute a contract which granted some form of guarantee of continued public employment to deputy sheriffs.

In *In re Colban,* 58 Pa.Cmwlth. 104, 427 A.2d 313 (1981), an employee handbook provided that, except for serious offenses, an employee will generally be terminated from employment only after three warnings. We held that such a handbook gave the employee "a form of guarantee of employment during unoffending conduct or until after being thrice warned of a minor infraction." *Colban,* 427 A.2d at 314. Because the employer terminated the employee for a minor infraction without three warnings, contrary to established procedures, we ordered a hearing which conformed to the Local Agency Law.

In *Pivarnik v. Department of Transportation,* 82 Pa.Cmwlth. 42, 474 A.2d 732 (1984), this court explained the holding in *Colban* as follows:

> In Colban Appeal, we held merely that the discharge procedure contained in the county's employee handbook was "a *form of guarantee of employment during unoffending conduct or until after being thrice warned of a minor infraction."* ... We did *not* hold that the employee handbook was a contract granting the employee a property right in his employment.

*Pivarnik,* 474 A.2d at 735 (citation omitted). Indeed, whereas the employer in *Colban* did not follow its own procedures, the employer in *Pivarnik* discharged the employee in accordance with the procedures set forth in the employee handbook. Thus, in *Pivarnik,* we held that the employee had no further right to a due process hearing under the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704.

It is apparent here that the Sheriff complied with the Regulations Manual in imposing discipline upon Grabfelder. First, section 4.01 of the Regulations Manual establishes the Accident Review Board to review the facts surrounding any accident involving a department vehicle or employee which results in property damage or personal injury.[5] If the Accident Review Board finds that the employee is at fault, the board may recommend that the Sheriff take disciplinary action. Here, the Sheriff took disciplinary action after a review of the facts by the Accident Review Board.

Section 5.22 of the Regulations Manual, which governs discipline, states that, for most offenses, discipline should be administered in a progressive manner. However, certain offenses are so serious that employees should know that the conduct is improper and heavily punishable. Likewise, section 5.24 of the Regulations Manual, which pertains to progressive discipline, states that disciplinary actions are to be progressive in nature, *where appropriate.* In this case, the Sheriff obviously considered Grabfelder's conduct to be a serious matter, making progressive discipline inappropriate.

Section 5.35 of the Regulations Manual provides that grievance procedures do not apply to the administration and/or implementation of disciplinary action. Nevertheless, when Grabfelder filed a grievance, the Sheriff met with him to discuss the matter and, subsequently, reduced the punishment. *See* Section 5.35(D)(2) of the Regulations Manual.

Even if we were to find that the Regulations Manual provided a form of guarantee of employment, as in *Colban,* the Sheriff complied with the provisions of the Regulations Manual. In fact, Grabfelder received more due process than the Sheriff was required to provide under the Regulations Manual. Because of such circumstances, we follow our holding in *Pivarnik* and conclude that Grabfelder is not entitled to additional due process under the Local Agency Law.

Accordingly, we reverse the order of the trial court and remand this case for the dismissal of Grabfelder's appeal.

---

**5.** Under section 4.01, the Accident Review Board shall consider information from witnesses, investigative reports, statements, other documents and such other information as it deems appropriate; in addition, the board may order the employee to appear before it.

*ORDER*

AND NOW, this 13th day of March, 1997, the order of the Court of Common Pleas of Montgomery County (trial court), dated March 28, 1996, is reversed, and this case is remanded to the trial court for the dismissal of Grabfelder's appeal.

Jurisdiction relinquished.