557 A.2d 65

Shirley Batson, Appellant *v.* Montgomery County, Appellee.

Argued March 7, 1989, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Charles J. King, Jr.,* for appellant.

*Denise D. Hennelly,* for appellee.

OPINION BY JUDGE BARRY, April 19, 1989:

Shirley Batson (appellant) appeals from an order of the Court of Common Pleas of Montgomery County which granted a motion for summary judgment filed by Montgomery County (County) in a mandamus action and denied appellant's motion for summary judgment.

Appellant was an employee of the County in the Office of the Clerk of Courts. By a letter dated January 17, 1985, she was informed that she was being discharged because of continued unexcused absenteeism. Appellant, by a letter dated July 26, 1985, demanded a hearing. When the County did not respond to this demand, appellant instituted a mandamus action, in which she alleged that the County had unlawfully terminated her employment by failing to provide her with notice of a hearing and an opportunity to be heard. She sought reinstatement with back pay and employee's benefits until such time as she was lawfully discharged. Following discovery both parties filed motions for summary judgment. The trial judge granted the County's motion for summary judgment and denied the appellant's motion. This appeal followed.

The sole issue for our consideration is whether appellant had a property right in her employment with the County so that her dismissal would constitute an "adjudi-

cation" which, under the Local Agency Law (Law),[1] could have been valid only if she had been afforded reasonable notice of a hearing and an opportunity to be heard.

This Court has held that a property right exists in public employment only where the employee has an enforceable expectation of continued employment which can exist "only if the employee, *by statute or contract,* has been granted some form of guarantee." *Amesbury v. Luzerne County Institution District,* 27 Pa. Commonwealth Ct. 418, 421, 366 A.2d 631, 633 (1976) (emphasis added). In this case appellant did not allege that, by contract, she was guaranteed either that she would be employed for a definite term that had not expired at the time of discharge or that she would not be discharged in the absence of objective "just cause."[2] Furthermore, she did not offer any affidavits, deposition testimony, answers

---

[1] 2 Pa. C. S. §§551-555, 751-754.

[2] Appellant did allege in her complaint that the conditions of her employment were governed by "written employment policy statements issued in and promulgated by the defendant through its authorized agents" and that in reliance on the County's "employment policy" and as a result thereof, she had an expectation of continued employment "so long as she satisfied her reasonable obligations under the said policies." Appellant did not, however, attach the "written employment policy statements" to her complaint. Instead she averred that she did not have possession of them and could not attach them to the complaint because they were in the possession of the County. At her deposition, appellant testified that the "written policy statements" the complaint made reference to involved a December 15, 1960 notice to all salaried County employees—the contents of which were not described—and a letter signed by Mr. Robert Grath. Deposition Testimony (D.T.), Shirley Batson, 48-51. The only subject she could recall in the letter was what employees were to do when they were sick. Appellant did admit, however, that she had never received any paper or document containing a set procedure for discipline against employees as a result of their conduct on the job or information about the discipline of employees. D.T., Shirley Batson, 37.

to interrogatories or responses to requests for admission establishing that fact. Appellant did not allege or offer proof that she was a member of a union or a civil service employee, so that she could point to a statute which would have guaranteed her continued employment. *See Pivarnik v. Department of Transportation,* 82 Pa. Commonwealth Ct. 42, 474 A.2d 732 (1984). Consequently, it must be concluded that the appellant was an at-will employee who had no enforceable expectation in continued employment and no right to a hearing prior to her discharge.

As previously noted, appellant was advised that she was being discharged because of continued unexcused absences.[3] Under a resolution adopted by the County's commissioners on March 29, 1965, employees were entitled to one day of sick leave with pay at the end of each full month of service and could accumulate sick days without limitation at the discretion of the commissioners. Appellant argues that the County could not have discharged her because of absences that she was entitled to have charged to earned sick leave. She contends that she is entitled to a hearing on this issue. This argument by

---

We note that it has been held that a document such as an employee handbook will not be treated as a legally binding contract which converts an at-will employee into an employee who cannot be fired without objective just cause unless that document, or oral representations about it, in some way clearly state that it is to have such effect. *Martin v. Capital Cities Media, Inc.,* 354 Pa. Superior Ct. 199, 511 A.2d 830 (1986). Appellant here has neither made allegations, nor offered proof that establishes, that the "written policy statements" she refers to were clearly intended to legally limit the County's ability to discharge her or require objective just cause.

[3] There is also testimony indicating that other reasons for the appellant's discharge included constant tardiness and failure to call off work at least one half hour before she was to begin. D.T., Robert Hunsicker, 10.

appellant reflects her misunderstanding of what it means to be an at-will employee.

An employer can, with certain exceptions, terminate employment of an at-will employee for any or no reason. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974).[4] It can even dismiss an at-will employee based on an incorrect belief that the employee has engaged in conduct which was in violation of its policies or work rules. *See Banas v. Matthews International Corp.*, 348 Pa. Superior Ct. 464, 502 A.2d 637 (1985). In short, unless an employer's right to discharge at will is limited by contract or statute, its discharge of an at-will employee will generally not be reviewable. *Veno v. Meredith,* 357 Pa. Superior Ct. 85, 515 A.2d 571 (1986). Therefore, in the present matter, appellant could have been dismissed by the County even if she could have established that she either had provided the County with an excuse for the absences which led to her discharge or was not required to produce an excuse for them.

A writ of mandamus will be issued only "to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other adequate and appropriate remedy". *Rowe v. Township of*

---

[4] Both the federal and state governments have enacted legislation which establishes exceptions to the employment-at-will rule. *See e.g.,* 42 U.S.C. §2000e-1 to -15 (1981) (Title VII of the Civil Rights Act of 1964); 29 U.S.C. §623 (1975) (Age Discrimination in Employment Act); 43 P.S. §955 (Human Relations Act, prohibiting discrimination in employment on the basis of race, age, sex, handicap or disability). Furthermore, the appellate courts of this state have developed as a matter of common law an exception to the rule under which an employer is prohibited from discharging an employee when discharge is against public policy or made with the specific intent to harm the employee. *Darlington v. General Electric,* 350 Pa. Superior Ct. 183, 504 A.2d 306 (1986). Here, appellant neither made allegations nor offered proof that brought her case within any of these exceptions.

*Lower Merion,* 120 Pa. Commonwealth Ct. 73, 79, 547 A.2d 880, 883 (1988). In the present case there exists no legal right in the appellant and no corresponding duty in the County. Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, April 19, 1989, the order of the Court of Common Pleas of Montgomery County dated June 16, 1988, at No. 85-13085, is hereby affirmed.