James P. Hill, Appellant *v.* Harrisburg Housing Authority, Appellee.

158

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Richard W. Cleckner,* with him *Cleckner and Fearen,* for appellant.

*Charles W. Johnston, Jr.,* with him *Handler, Gerber & Weinstock,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 19, 1977:

James P. Hill (Appellant) appeals the final order of the State Civil Service Commission (Commission) which sustained the action of the Harrisburg Housing Authority (Authority) in placing Appellant on

involuntary leave of absence status from his position as Maintenance Superintendent.

The present controversy arose following Appellant's appointment to the Authority and notification that he would be evaluated upon the expiration of 90 days to determine whether his initial status as a probationary employe would be upgraded to that of permanent employe. Approximately 123 days thereafter Appellant met with the Executive Director to discuss his status. At this meeting, disagreement ensued and Appellant was suspended for insubordination. It was at this point that hearing was requested.

Hearing was requested by Appellant in the form of a letter to the Executive Director and, thereafter, in the form of a preliminary inquiry. Appellant's request was framed in terms of Sections 951(a) and (b) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.951(a), 741.951(b),[1] and indicated that he was challenging the wrongful

---

[1] Sections 951(a) and 951(b), 71 P.S. §§741.951(a) and (b), provide:

(a) *Any regular employe* in the classified service may, within twenty calendar days of receipt of notice from the appointing authority, appeal in writing to the commission. Any *permanent separation, suspension for cause, furlough or demotion* on the grounds that such action has been taken in his case in violation of the provisions of this act, upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing. As soon as practicable after the conclusion of the hearing the commission shall report its findings and conclusions to the appointing authority and the employe. If such final decision is in favor of the employe, the appointing authority shall reinstate him with the payment of so much of the salary or wages lost by him as the commission may in its discretion order. (Emphasis added.)

(b) Any person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the commission within twenty calendar days of the alleged

appointment of a new maintenance supervisor in his stead. The Commission notified Appellant that the request for hearing was granted under the terms of Section 951(b).

At hearing, counsel for Appellant informed the Commission that he was unable to proceed under Section 951(b) in that he was unable to make out a case of discrimination pursuant to Section 905.1,[2] as mandated by Section 951(b). Although Appellant presented some evidence attempting to justify his position, the Commission sustained an Authority motion to dismiss based on a failure to make out a prima facie case of discrimination. It is from this dismissal that Appellant has appealed to this Court.

Appellant raises two primary issues for our resolution:

1. Should the Commission have granted a hearing on the basis of Section 951(a) as well as Section 951(b)?

2. Did the Commission abuse its discretion in concluding that Appellant failed to make a prima facie

---

violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing. As soon as practicable after the conclusion of the hearing, the commission shall report its findings and conclusions to the aggrieved person and other interested parties. If such final decision is in favor of the aggrieved person, the commission shall make such order as it deems appropriate to assure the person such rights as are accorded him by this act.

[2] Section 905.1, 71 P.S. §741.951(a), states:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

showing of deprivation of his job for non-merit factors?

Turning to Appellant's initial contention, it is asserted that appeal to the Commission should have been allowed pursuant to Section 951(a) as a matter of law. We cannot agree in the context of the instant case.

Section 951(a) is pointed to appeal by *regular employes* of adverse determinations with respect to *permanent separation, suspension for cause, furlough or demotion.* A review of the record before us reveals that Appellant was directed to proceed under Section 951(b) only "because there [is] no provision in the Civil Service Act for appeal from involuntary leave of absence."

The question of whether denial of appeal by the Commission pursuant to Section 951(a) was error necessarily dictates our inquiry into whether such a determination is, in fact, appealable. To this end, we must decide the issue of whether the denial was an adjudication as defined in Section 2(a) of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.2(a), which provides:

"Adjudication" means any final order, decree, decision, determination of ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture of property, or which involves paroles, pardons or releases from mental institutions.

The Commission argues that the letter sent by it denying the right of appeal pursuant to Section 951(a) was not an adjudication and, therefore, not

appealable to this Court. It is argued that Appellant's proper remedy upon receipt of such notice prior to hearing (eventually convened under Section 951(b)) should have been by a writ of mandamus compelling a hearing based on Section 951(a) as dictated by this Court's decision in *O'Peil v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 470, 320 A.2d 461 (1974).

Most recently, we have interpreted *O'Peil* and its progeny in the companion cases of *Roberts v. Office of Administration,* 30 Pa. Commonwealth Ct. 19, 372 A.2d 1233 (1977), and *Styers v. Wade,* 30 Pa. Commonwealth Ct. 38, 372 A.2d 1236 (1977), and more specifically, the applicability of the use of mandamus to compel a hearing mandated by law versus the invocation of appeal from an adverse determination (adjudication). In *Roberts,* we wrote:

Our decisions in Department of Health v. Schum, 21 Pa. Commonwealth Ct. 356, 346 A.2d 599 (1975), and O'Peil v. State Civil Service Commission, 13 Pa. Commonwealth Ct. 470, 320 A.2d 461 (1974), are not inconsistent with our holding here. We held in those cases that, where an administrative agency or official refuses to hear the merits of a grievance at all, ruling merely that the grievance procedures are not available to the particular grievant, the action is not an adjudication and therefore not reviewable through appeal; and if the grievant disagrees, believing that the agency or official has a clear duty to hear his grievance, his remedy is in mandamus. Here, the Secretary's letter discusses the merits of the claim in detail and purports to dispose of every aspect of the grievance completely and with finality.

*Roberts v. Office of Administration*, 30 Pa. Commonwealth Ct. at 23, 372 A.2d at 1235.

In *Styers,* we affirmed the principle by adding:

It is now well settled that mandamus is an extraordinary writ and lies only to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate remedy. See Wyoming Sand and Stone Co. v. Department of Revenue, 24 Pa. Commonwealth Ct. 366, 355 A.2d 860 (1976). Stated differently, mandamus lies only to compel official performance where there is a refusal to perform in the face of an absolute duty to do so. An official may have an absolute duty to exercise his discretion, in which case mandamus will lie, but only to compel the exercise of the discretion. This was the thrust of our opinion in O'Peil v. State Civil Service Commission, 13 Pa. Commonwealth Ct. 470, 320 A.2d 461 (1974), and Fatscher v. Board of School Directors, Springfield School District, Pa. Commonwealth Ct. , 367 A.2d 1130 (1977), in which we ordered the State Civil Service Commission and a local school board to hold hearings which were clearly required under state law. However, once the official or agency has exercised its discretion, a party who is dissatisfied with the result may not seek to compel a different result through mandamus; for mandamus does not lie to review a discretionary act, nor to compel a particular result in a process involving the exercise of discretion. A party to an administrative agency proceeding who is aggrieved by such

an exercise of discretion—i.e., by an adjudication—has a remedy through appeal, a remedy guaranteed by Article V, Section 9 of the Pennsylvania Constitution and specifically provided for in Section 47 of the Administrative Agency Law.

*Styers v. Wade,* 30 Pa. Commonwealth Ct. at 41, 372 A.2d at 1238.

Thus, it is clear that Appellant has chosen the proper procedural route in appeal in that mandamus would only have been appropriate to compel the convening of hearing. Once convened, or ordered to be convened, procedural errors, be they failure to allow relevant evidence or failure to allow a party to proceed on the basis of a proper section of an action, become issues properly raised on appeal. We, therefore, agree with Appellant that the issue of refusal to permit the proceeding below to proceed on the basis of Section 951(a) is one subject to appeal.

Next, we reach the question of whether the Commission properly denied appeal pursuant to Section 951(a).

The Commission's refusal to proceed on the basis of Section 951(a) was based upon the rationale that involuntary leave of absence is not an action enumerated in the section warranting review.[3] The Commission's *expressio unius est exclusio alterius* argument is well founded.

Upon receipt of documents filed by Appellant, the Commission had to decide what type of actions

---

[3] The Commission obviously assumed that passage of the 90-day probationary period warranted a conclusion that Appellant was in fact a regular employe at the time of the grievance and *possibly* subject to the review of Section 951(a) if the grievance fell within an enumerated classification of permanent separation, suspension for cause, furlough or demotion.

bottomed Appellant's request for a clarification of his job position. The preliminary inquiry showed Appellant to be complaining of his job being filled while he was on leave of absence. Section 808, 71 P.S. §741.808, permits the appointing authority to fill positions of employes on leave of absence status, the exact conduct complained of in the instant case. Had the legislature not recognized the difference between leave of absence and removal, it would not have provided distinctions for them in two separate sections of the same act. The simple answer to Appellant's contention that he was entitled to a Section 951(a) hearing is that leave of absence is not, and seemingly purposefully was not, included in Section 951(a). This being the case, we cannot say the Commission's refusal to convene a hearing on the basis of Section 951(a) was error.

And finally, our review of the record belies the conclusion that the Commission erred in holding that Appellant failed to establish a prima facie case of discrimination under Section 951(b), and as the record shows, from Appellant's counsel's remarks:

MR. FOERSTER: Yes.

I would just like to make a statement here for the record.

I have already advised Attorney Johnston by letter that as far as Section 905.1 relating to prohibition of discrimination, we are not prepared to go forward on that. We cannot make out a case of discrimination as required or stated or whatever by that particular section.

MR. FOERSTER: Right, that we were not here to prove a case of discrimination. We are really here to show exactly what happened and not take anybody's word from letters as far as

involuntary status or termination without pay or indefinite leave or whatever.

We are unable to find anything of record approaching the foundation of a prima facie case and, so, we must

ORDER

AND Now, this 19th day of July, 1977, the order of the Civil Service Commission is hereby affirmed.