James Gough, Appellant *v.* Borough of Norristown, Appellee.

Argued March 4, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*William F. Fox, Jr., Fox, Differ, Callahan, Ulrich and O'Hara,* for appellant.

*Paul C. Vangrossi,* for appellee.

OPINION BY JUDGE ROGERS, May 3, 1982:

James Gough has apealed from an order of the Court of Common Pleas of Montgomery County sustaining the Borough of Norristown's demurrer to his complaint in mandamus.

Gough alleges in his complaint pertinently that he was an employee of the Borough, that he was dismissed on January 23, 1979, that he was entitled to a hearing pursuant to the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754, and that he was denied such a hearing. He also avers that the borough manager sent a letter dismissing him, a copy of which, he says, was attached to the complaint. However, no letter is attached to the original complaint in the record certified to us and we have not been supplied with a copy. The prayer of the complaint in mandamus was for an order reinstating him with back pay.

The Borough's demurrer is based on the failure of Gough to allege that his expectation of continued employment was established, guaranteed or otherwise governed by contract or statute, that therefore his dismissal was not an adjudication requiring hearing under the Local Agency Law, with the consequence that no cause of action was stated. The lower court sustained the demurrer. We affirm.

Section 553, of the Local Agency Law, 2 Pa. C. S. 553, states in pertinent part that "[n]o adjudication shall be valid as to any party unless he shall have been

afforded reasonable notice of a hearing and opportunity to be heard." "Adjudication" is defined in 2 Pa. C. S. §101, applicable to the Local Agency Law, as:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

An individual employed by a local agency does not enjoy a property right in his employment unless he has an expectation of continued employment guaranteed by contract or statute. *McCorkle v. Bellefonte Area Board of School Directors*, 41 Pa. Commonwealth Ct. 581, 401 A.2d 371 (1979), *Fair v. Delaney*, 35 Pa. Commonwealth Ct. 103, 385 A.2d 601 (1978). An employee with no such expectation, therefore, is not entitled to a hearing under the Local Agency Law.

Gough argues that the letter of dismissal from the borough manager, which we do not have, refers to a meeting between Gough's union representative and the borough manager, and that from this we should infer the existence of a collective bargaining agreement giving him a contractual expectation of continued employment. Not only is the letter not in the record certified to us; the collective bargaining agreement is not attached to the complaint. Clearly no cause has been stated for an order requiring the borough to conduct a hearing, much less the reinstatement prayed for in the complaint. Furthermore, even if a collective bargaining agreement afforded

protection against discharge at the employer's will, the appellant's remedy would not derive from the Local Agency Law enforced by courts but from the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* Section 903 (43 P.S. §1101.903) which requires that disputes arising out of the interpretation of a collective bargaining agreement be submitted to grievance arbitration instituted by the employe's union and enforced by the Pennsylvania Labor Relations Board. *West Shore School District v. Bowman,* 48 Pa. Commonwealth Ct. 104, 409 A.2d 474 (1979).

Order affirmed.

ORDER

AND Now, this 3rd day of May, 1981, the order of the Court of Common Pleas of Montgomery County is affirmed.

This decision was reached prior to the resignation of Judge MENCER.