547 A.2d 880

Michele C. Rowe, Appellant *v.* Township of Lower Merion, Board of Commissioners of Lower Merion Township and Personnel Review Board of Lower Merion Township, Appellees.

74

*J. Scott O'Keefe,* for appellant.

*Gilbert P. High, Jr., High, Swartz, Roberts & Seidel,* Township Solicitor, for appellees.

OPINION BY JUDGE MACPHAIL, September 26, 1988:

Michele C. Rowe (Appellant) appeals the order of the Court of Common Pleas of Montgomery County which sustained the preliminary objections of the Township of Lower Merion (Township) in response to an action seeking a writ of mandamus filed by Appellant. We affirm.

Appellant was employed by the Township as an Assistant Director of Recreational Services from July 7, 1980 until March 16, 1984 when her employment was terminated by the Township. On March 24, 1984, Appellant filed a petition for review with the Personnel Review Board of the Township of Lower Merion (Review Board)[1] requesting a hearing. The Review Board dismissed the petition without granting a hearing, finding that the Township's act of terminating Appellant's employment was clearly substantiated, appropriate and reasonable under the circumstances.

Appellant then appealed to the Board of Commissioners of Lower Merion Township (Board of Commissioners) on May 13, 1984 also requesting a hearing before that body. The Board of Commissioners, without conducting a hearing, upheld the decision of the Review Board that Appellant's dismissal was proper.

Appellant next filed an action in the court of common pleas seeking a writ of mandamus to compel the Township to reinstate her position and award her back pay with interest and counsel fees. The Township filed preliminary objections in the nature of a demurrer in response to Appellant's complaint, stating that Appellant failed to plead an enforceable property right to con-

---

[1] The Personnel Review Board is an appeal board whose principal purpose is to ensure fair and equitable methods and standards, free from political interference, for the terminating, promoting, transferring and disciplining of township employees. . . . Section 5-35 of the Lower Merion Code (Code), §5-35.

tinued employment. The preliminary objections were sustained by the court of common pleas, and Appellant was allowed an additional thirty (30) days to file an amended complaint pleading an enforceable property right. The Township again filed preliminary objections in response to Appellant's amended complaint requesting that the complaint be dismissed with prejudice. The court of common pleas, by order dated September 18, 1987, followed by an opinion dated November 16, 1987, sustained Township's preliminary objection to Appellant's amended complaint. Appellant now appeals to this Court.

The Appellant first alleges that the court of common pleas erred in finding that Appellant did not plead sufficient information in either her initial or amended complaints to support her claim of a property right to continued employment. We disagree.

Appellant's amended complaint in support of her alleged property right states that Appellant was classified prior to her termination as one with permanent status, as provided in the Personnel Handbook, page 11. Amended Complaint, Paragraph 7, R.R. at 65a. The Personnel Handbook is not attached to the complaint as an exhibit. Pa. R.C.P. No. 1019(h) provides that where averments in a complaint make reference to a written instrument, a copy of that instrument must be attached to the complaint. This Court has held that where the instrument is not attached as an exhibit, we are free to disregard the factual averment. *Triage, Inc. v. Department of Transportation*, 113 Pa. Commonwealth Ct. 348, 537 A.2d 903 (1988).

Appellant's complaint next makes several references to the Code in an effort to support her contention that she had an enforceable property right in her employment. She cites Sections 5-37 and 5-45 of the Code to indicate her right to a hearing before the Review Board and to two to five months notice of dismissal.

This Court has held that a property right exists in public employment only where the employee has an enforceable expectation of continued employment which can arise only by statute or contract. *Pivarnik v. Department of Transportation*, 82 Pa. Commonwealth Ct. 42, 474 A.2d 732 (1984); *Amesbury v. Luzerne County Institution District*, 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976). *See also Clay v. Advanced Computer Applications, Inc.*, 370 Pa. Superior Ct. 497, 536 A.2d 1375 (1988). In the absence of such a guarantee of future employment for a definite duration of time, the employee is considered to have employment at-will only, unless the employee is either a union member or a civil service employee. Appellant does not aver that she falls within either exception, nor does she aver any specific written contract of employment.

Pennsylvania courts have held that, in the absence of a clear expression of the parties' intent to modify the at-will rule by means of an Employee Handbook, such documents do not give rise to a guarantee of continued employment. *Pivarnik; Clay.*[2]

Turning our attention now to the specific provisions of the Code cited in Appellant's Complaint as support for her averment that she has a guarantee of employment "implicit" in the Code, Amended Complaint, Paragraph 15, R.R. at 66a, we note that Section 5-37 does provide for the Review Board to "hear" appeals relating to terminations of certain classes of employees. Such a provision, in our opinion, does not guarantee future employment; it merely provides for a body to review terminations. As we have noted, Appellant's Complaint states

---

[2] In *DeFrank v. County of Greene*, 50 Pa. Commonwealth Ct. 30, 412 A.2d 663 (1980), we held that a county was estopped from denying the validity of the procedures set forth in a Personnel Manual, but we did not hold that the manual established an enforceable expectation of continued employment.

that the Review Board *did* review Appellant's termination.

Section 5-45B states that unless an employee is terminated for serious breach of duty,. misconduct, misfeasance, malfeasance or a similar charge, such employee is entitled to a minimum of two (2) and a maximum of five (5) months' notice of termination. In the instant case, Appellant has attached to her Complaint as Exhibit C, R.R. 75a-77a, the Township's answer to Appellant's petition for review to the Review Board, wherein it is averred that Appellant was terminated for serious breach of duty, misconduct, misfeasance and/or malfeasance. This averment is followed by five sub-paragraphs setting forth in detail the factual basis for that averment. Appellant's Complaint does not state the reason for her termination, nor does it disavow the allegations in the Township's answer regarding the reasons for her termination. Viewing the Complaint as a whole, as we are obliged to do, we conclude that Section 5-45B does not apply to Appellant and does not give her a guarantee of future employment.

The Code, moreover, provides in two places, Sections 5-32 and 5-45, that "all department and office heads" serve at the pleasure of the Township Manager and may be removed from office "with or without cause." In view of that language, we easily infer that the same authority exists with respect to those who are in inferior positions, such as Appellant's, and such language reenforces the principle of at-will employment, which we find to be applicable here.

Appellant next contends that the Township should be compelled through mandamus to reinstate her employment because she was not granted a hearing by either the Review Board or the Board of Commissioners prior to their disposition of her case. Appellant further

contends that she was entitled to a hearing under the Code and the Local Agency Law (Law).

Having previously determined that Appellant is an at-will employee, Appellant is not entitled to a hearing under the Law or the Code. The Code, while it allows for an aggrieved employee to *request* a hearing, does not *require* that an aggrieved employee be granted a hearing on appeal. *See* Section 5-40D. Likewise, pursuant to Sections 551-555 of the Law, 2 Pa. C. S. §§551-555, it is clearly established by case law that public employees must have an enforceable expectation of continued employment guaranteed either by a contract or a statute. Since Appellant has not established that she has met either of these requirements, she has no enforceable right in continued employment and her request for mandamus must fail.

A writ of mandamus will be issued only "to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other adequate and appropriate remedy." *Shaler Area School District v. Salakas,* 494 Pa. 630, 432 A.2d 165 (1981). Since there exists no legal right in the Appellant and no corresponding duty in the Township, we affirm.

## ORDER

The order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.