582 A.2d 419

**Louise DUCKETT, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1990.

Decided Oct. 31, 1990.

Kimberly M. Kubista, Clearfield, for petitioner.

Jullia A. Sheridan, Asst. Counsel, with her, Paul S. Roeder, Chief Counsel, Harrisburg, for respondent.

Before PALLADINO and BYER, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Louise M. Duckett (Duckett) petitions for our review of a Department of Revenue (Department) letter discharging her from employment.

Duckett was employed as a lottery manager by the Department in the Clearfield area lottery office. The Secretary of Revenue, David L. Donahoe, informed Duckett via letter dated October 4, 1989 that she was discharged from her position as lottery manager effective at the close of business on October 5, 1989. The letter indicated that

Duckett was being discharged for her failure to conduct herself in the manner expected of a manager of the Clearfield lottery office because of "improper use of a state vehicle," "driving your vehicle in an unsafe manner," and an "arrest for driving while under the influence."[1] Subsequent to Duckett's discharge, this petition for review ensued.

Duckett now presents for our consideration the issue of whether as an employee of a Commonwealth agency she is entitled to reasonable notice of a hearing and an opportunity to be heard in conjunction with her discharge from employment. Duckett also questions whether the Department can deny her an opportunity to be heard in light of the existence of an employee handbook entitled *Standards of Conduct for Employees of the Department of Revenue (Standards of Conduct)*. Duckett premises her position that the Department erred by discharging her without notice of a hearing and an opportunity to be heard upon Section 504 of the Administrative Agency Law (Law), 2 Pa.C.S. § 504, which provides:

> [N]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard....

The Department argues that the discharge of Duckett was not an "adjudication" as defined under Section 101 of the Law, 2 Pa.C.S. § 101, and hence Duckett is not entitled to a due process hearing. We agree.

Section 101 defines "adjudication" as:

> [A]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made....

---

1. Although it was not specifically stated what "driving while under the influence" meant, the letter refers to an "intoxilyzer test" reading of .18 which the record establishes was due to the influence of alcohol.

■ We have previously held that a property right exists in public employment only where the employee has an expectation of continued employment which arises only if the employee is granted a guarantee via statute or contract. *Rowe v. Township of Lower Merion,* 120 Pa.Commonwealth Ct. 73, 547 A.2d 880 (1988); *Pivarnik v. Department of Transportation,* 82 Pa.Commonwealth Ct. 42, 474 A.2d 732 (1984). In the absence of such a guarantee of future employment for a specific time period, an employee is considered to be merely employable-at-will, unless the employee is either a member of an authorized bargaining unit or a civil service employee. *Rowe; Pivarnik.*

■ Duckett contends that the *Standards of Conduct* handbook forms an employment contract between the Department and its employees, herself included. This argument has previously been rejected by this Court and by other Pennsylvania courts. We have determined that in the absence of a clearly expressed intention by the employer and employees for modification of employment-at-will by means of an employee handbook, such documents do not create a guarantee of continued employment. *Rowe; Pivarnik; Clay v. Advanced Computer Applications, Inc.,* 370 Pa.Superior Ct. 497, 536 A.2d 1375 (1988).

The record is devoid of evidence to support Duckett's contention or to convince us that the Department ever intended to consider the *Standards of Conduct* as an employment contract. Further, Duckett does not contest the fact that she is a non-bargaining unit member, non-civil service employee.

Consequently, it appears clear that Duckett was simply a management employee of the Department, and as such, enjoyed no property rights in her position as lottery manager. Absent a property right in her employment, the discharge of Duckett by the Department does not constitute an adjudication; hence, Duckett was not entitled to a formal hearing pursuant to Section 504 of the Law.

666

## ORDER

AND NOW, this 31st day of October, 1990, the appeal in the above-captioned matter is hereby dismissed.

Jurisdiction relinquished.