# Delliponti v. DeAngelis

*J. David Farrell,* for plaintiff.

*John DiCicco,* for defendant Borough of Norristown.

OTT, *J.,* September 27, 1991—Plaintiff Anne Delliponti first became employed by defendant Norristown Borough[1] on September 29, 1976, as a secretary. She joined the employees union, the American Federation of State, County and Municipal Employees, and remained in the union until March 1986. She left the union at that time because of her promotion to a confidential employee position. Plaintiff was terminated from her employment effective January 25, 1991, when her position was eliminated because of a financial crisis affecting the borough. At the time of her termination, her position was administrative assistant to the chief of police. She was then one of four non-union administrative

---

1. Although there are three defendants to this action, Messrs. DeAngelis and Verruni are named in their capacities as mayor and administrator respectively. Accordingly, we will refer to the defendants collectively as Norristown Borough.

assistants employed by the borough and of those four, she had the most seniority.

## PROCEDURAL HISTORY

On January 23, 1991, plaintiff filed an appeal to this court under Pennsylvania's Local Agency Law[2] and requested equitable relief in the form of a temporary restraining order and permanent injunction. Following a conference with counsel on January 25, 1991, the request for a temporary restraining order (special injunction without hearing) was denied and dismissed on the basis that plaintiff was unable to show the threat of irreparable harm that could not be adequately addressed by an award of money damages.[3]

Defendants filed timely preliminary objections and a motion for protective order which sought to bar discovery pending resolution of the preliminary objections. Prior to disposition of the preliminary objections and without agreement of counsel or leave of court, plaintiff filed an amended appeal under the Local Agency Law. Following oral argument, we sustained the preliminary objections in part and directed plaintiff to file an amended pleading in the nature of a petition for review within 10 days of this date. Plaintiff filed such a petition on April 25, 1991.

Meanwhile, defendants filed preliminary objections to the first amended complaint which had been filed without leave or consent, along with preliminary objections to the petition for review. Following

2.  Act of April 28, 1978, P.L. 202, No. 53, 2 Pa.C.S. §101 et seq.

3.  This court made no attempt to decide the case on the merits. Instead, it relied on the authority set forth in *Novak v. Commonwealth of Pennsylvania*, 514 Pa. 190, 523 A.2d 318 (1987).

oral argument on May 23, 1991, we denied and dismissed the preliminary objections filed with respect to plaintiff's petition for review and noted that the preliminary objections filed to the first amended appeal were mooted by the approved petition for review. The defendants filed an answer and new matter to the petition for review in open court the same day and later filed amended new matter.

We directed that discovery, if any, proceed at once and specially scheduled a hearing on the merits of the petition for July 29, 1991. We allowed plaintiff to file an answer to the amended new matter at the hearing. The hearing proceeded and concluded within one day and presented a single factual issue. Plaintiff claimed her position was eliminated for some reasons other than economic necessity while the borough insisted this was not true. No evidence was produced at trial to support plaintiff's position and we concluded that the borough acted without malice. Inasmuch as no other material facts were at issue, the matter then proceeded in the nature of a case stated. This opinion is written in support of the decision entered today.

## ISSUES

We are required to determine whether the provisions of the borough's Home Rule Charter and Administrative Code provide plaintiff with an expectation of continued employment in the nature of a property right such that the elimination of her job constituted an adjudication reviewable under the Local Agency Law. If so, we must then determine and fashion the appropriate remedy.

## DISCUSSION

It is clear that the borough is a local agency to which the Local Agency Law applies. *Guthrie v.*

*Borough of Wilkinsburg,* 505 Pa. 249, 478 A.2d 1279 (1984). In the absence of an expectation of continued employment guaranteed by contract or statute, an individual employed by a local agency does not enjoy a property right in her employment. *Gough v. Borough of Norristown,* 66 Pa. Commw. 401, 444 A.2d 839 (1982). The termination of such an employee is not ''an adjudication'' under section 553 of the Local Agency Law, and such an employee is not entitled to a hearing in regard to this termination. *Id.* See also, *Rowe v. Township of Lower Merion,* 120 Pa. Commw. 73, 547 A.2d 880 (1988). In the absence of an employment contract for a definite duration, an employee is considered to have employment at-will only, unless the employee is either a union member or a civil service employee. *Novak v. Commonwealth of Pennsylvania,* 514 Pa. 190, 523 A.2d 318 (1987).

Plaintiff concedes she had no contract of employment. Accordingly, she cannot prevail on her claim that she has a property interest protecting her from being laid off for reasons of economy unless there is a statutory guarantee granting her a property right in continued employment with the borough. To this end, she cites specific provisions of the borough's Home Rule Charter adopted in 1986, and certain provisions of the borough's Administrative Code designed to effectuate that charter.

Section 512(D) of the charter provides:

*"Council shall, in the Administrative Code, provide Civil Service rules and regulations,* designed to promote efficient and fair personnel administration and high personnel standards, creating a Civil Service Commission and *governing:*

''(1) The appointment, promotion, demotion, suspension, removal, transfer, *layoff* or discipline *of borough employees;* and,

*"(2) The exemption, if desired, of certain borough employees from Civil Service rules and regulations."* (emphasis added)

The plain reading of this provision provides that unless council affirmatively exempts certain borough employees, each is to be covered by civil service rules and regulations which will govern any layoffs. Likewise, section 513 of the charter provides, in pertinent part:

"Council shall adopt, in the Administrative Code or other ordinance, a comprehensive system of personnel administration based on merit principles which shall include, but not be limited to, provisions for: . . .

*"C. Policies and procedures regulating the reduction in force,* disciplinary action, and suspension and removal *of employees."* (emphasis added)

Pursuant to the foregoing provisions, council adopted the code. Section 4-57 provides due process procedures relating to the suspension, removal, transfer and demotion of borough employees but does not address the subject of layoffs or reductions in force. Section 4-60 of the code establishes distinct procedures for suspending, demoting and removing police officers and further provides for layoff and furloughs for the purposes of economy or other reasons. Section 4-61 does the same for fire department employees. Curiously, there are no similar provisions for employees who are not members of a union, the police department or the fire department.[4]

---

4. All members of the union are covered by collective bargaining agreements which provide procedures for layoffs. Accordingly, plaintiff was one of only four out of approximately 250 Borough employees with no established provisions for layoffs or reduction in force.

Plaintiff insists that the charter having mandated that civil service rules and regulations be established to govern the layoff of all employees, the failure to enact those rules in her case precludes her termination. The borough attacks this conclusion on two bases. First, it points to the lack of the adjective "all" before the noun "employees" in section 512(D)(1) of the charter and suggests the omission was deliberate. To the contrary, however, the cited section juxtaposed as it is with section 512(D)(2), clearly provides that the general provision applies except as to exempted employees. Next, the borough responds that inasmuch as the charter allows for the exemption of certain employees, the absence of regulations governing reduction in force for plaintiff's position represents an implicit exemption. We believe the clear wording of the charter requires that any exemption be express. Indeed, the relevant language is "Council shall, in the Administrative Code, provide Civil Service rules and regulations . . . governing . . . (2) [t]he exemption, if desired, of certain borough employees from Civil Service rules and regulations." The borough admits that no such express exemption exists. Consequently, the charter mandates rules and regulations that the code has failed to include. Although we deem it unlikely that the drafters of the code consciously planned this omission, a mistake cannot alter the unambiguous terms of the ordinance.[5]

Does the borough's failure to exempt plaintiff's position from those requiring civil service rules and regulations relating to layoffs, afford her a legitimate expectation of continued employment in the nature of a property interest? We think it does. Had the

5. Section 1903 of the Statutory Construction Act of 1972 (1 Pa.C.S. §1901 et seq.) provides that words shall be construed according to their common and approved usage.

borough chosen not to mandate that civil service rules be enacted to cover layoff of all employees or, had the code expressly exempted to plaintiff's position from these rules, there would be no issue. Clearly, the law of this Commonwealth recognizes a substantive distinction between removal based on conduct and reductions in force based purely on reasons of economy. In the absence of some statutory or contractual provision, the latter are not protected under the Local Agency Law. *Sergi v. School District, City of Pittsburgh,* 28 Pa. Commw. 576, 368 A.2d 1359 (1977).

Nevertheless, the borough having elected to enact its charter and code, it is now bound by the provisions therein. As pointed out by Commonwealth Court in *Diehl v. City of McKeesport,* 60 Pa. Commw. 561, 432 A.2d 288 (1981), when faced with a similar challenge to demotions effected contrary to the terms of a Municipalities Home Rule Charter, "the specific ordinance with which we are now dealing, once enacted, divested both council and the mayor of the authority to promote or demote except in accordance with the provisions of the ordinance." 60 Pa. Commw. at 566-67, 432 A.2d at 291. It is of no distinction that in *Diehl,* the controversy involved demotion instead of layoff. Here, section 512D of the charter mandates the enactment of rules to govern the layoff of borough employees and section 513 mandates the adoption of a comprehensive system of personnel administration based on merit principles including reductions in force. Stated differently, when the borough failed to exempt plaintiff's position from the comprehensive system of personnel administration based on merit principles and subject to civil service rules, she became a civil servant entitled to due process with respect to layoffs and/or the elimination of her position. Con-

sequently, exercise of the former powers of the mayor and/or council to reduce its force by fiat, however well motivated, violates the plaintiff's property interest in employment.

Having decided that plaintiff's expectation of continued employment is the equivalent of a property right, the elimination of that position constituted an adjudication under Local Agency Law which cannot be accomplished absent a due process hearing. *Appeal of Colban,* 58 Pa. Commw. 104, 427 A.2d 313 (1981). Although Local Agency Law provides for a remand to the local agency if the record of a hearing is incomplete, 2 Pa.C.S. §754(a), to do so in this case would be to no avail. As noted previously, there are no rules and regulations in the borough's code governing plaintiff's layoff or the elimination of her position. A hearing would accomplish nothing. When the adjudication is not affirmed, this court may enter any order authorized by 42 Pa.C.S. §706 relating to disposition of appeals. Pursuant to this provision, we believe the only appropriate remedy is to set aside the adjudication and reinstate the plaintiff with back pay. Accordingly, we are entering the order attached hereto.

## ORDER

And now, September 27, 1991, upon consideration of plaintiff's petition for review pursuant to the Local Agency Law, the response filed thereto, the memoranda submitted by counsel and following a hearing on July 29, 1991, we determine that defendant borough's elimination of plaintiff's position constituted an adjudication under Local Agency Law, and that said adjudication was improper and not in accord with the terms and provisions of the borough's Home Rule Charter and Administrative

Code. Accordingly, the adjudication is set aside and the borough is directed to reinstate the plaintiff to the position she held prior to January 25, 1991, with full back pay.