620 A.2d 35

**William DeANGELIS, Mayor; Joseph Verruni, Municipal Administrator; and Borough of Norristown, Appellants,**

**v.**

**Anne DELLIPONTI, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided Jan. 7, 1993.

Reargument Denied March 10, 1993.

R. Scott Kauffman, for appellants.

J. David Farrell, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

The Borough of Norristown, William DeAngelis, Mayor, and Joseph Verruni, Borough Administrator (Borough), appeal from an order of the Court of Common Pleas of Montgomery County (trial court) reinstating Anne Delliponti (Appellee) with full back pay to the position of Administrative Assistant.

Delliponti was an Administrative Assistant to the Public Safety Director and Chief of Police. On January 22, 1991, Delliponti was notified by letter that due to a budget shortfall and resulting cutbacks, her position was being eliminated effective January 25, 1991. Delliponti requested a hearing before the Borough Council Personnel Committee regarding the elimination of her position. Council denied the request on the grounds that Delliponti was not a civil service employee and, as such, was not entitled to a hearing.

Delliponti filed an appeal under Local Agency Law[1] with the Montgomery County Court of Common Pleas seeking

1. 2 Pa.C.S. § 551–555, 751–754. Delliponti was entitled to the procedural protections of the Local Agency Law if the Borough's action was an adjudication which is defined as "[a]ny final order, decree, decision,

reinstatement and back pay. At a hearing before the trial court, Delliponti conceded that there was no evidence that her termination was motivated for reasons other than economic necessity. However, she contended that she was no longer an at-will employee, and that a reduction in force could not take place, because the Borough failed to implement a comprehensive personnel system in the Administrative Code (Code) as mandated in the Norristown Home Rule Charter (Charter) in § 512 and § 513.[2] Because the Borough failed to enact a comprehensive system classifying its employees, Delliponti claimed that she was entitled to civil service protection. While finding that the Borough's termination decision was motivated by economic necessity, the trial court agreed with Delliponti's position that until there was enacted a comprehensive procedure for reduction in force her position could not be eliminated. The trial court reinstated her with full back pay, even though the Borough had argued that Delliponti was under an

determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa.C.S. § 101.

2. Charter Sections 512 and 513 and Code Section 4–57 provide:
**Section 512** *Authorities, Boards and Commissions*
\* \* \* \* \* \*
D. Council shall, in the Administrative Code, provide civil service rules and regulations, designed to promote efficient and fair personnel administration and high personnel standards, creating a Civil Service Commission and governing:
1. The appointment, promotion, demotion, suspension, removal, transfer, lay-off or discipline or [sic] Borough Employees; and,
2. The exemption, if desired, of certain Borough employees from civil service rules and regulations.
**Section 513** *Personnel Administration*
Council shall adopt, in the Administrative Code or other ordinance, a comprehensive system of personnel administration based on merit principles which shall include, but not be limited to, provisions for:
\* \* \* \* \* \*
C. Policies and procedures regulating the reduction in force, disciplinary action, and suspension and removal of employees ...
**§ 4–57. Suspension; Removal; Transfer; Demotion.**
A. No permanent employee of the Borough shall be suspended, removed, transferred or demoted from his/her office, except for the following reasons: ...

obligation to mitigate damages and failed to do so.[3] The instant appeal followed.[4]

■ Only public employees with a continued right of employment have a right to a hearing. To have a property right the employee must have an enforceable expectation of continued employment arising by statute or contract. *Novak v. Commonwealth of Pennsylvania,* 514 Pa. 190, 193, 523 A.2d 318, 319–320 (1987). Otherwise, the employee is considered to have employment at-will only. *Rowe v. Township of Lower Merion,* 120 Pa.Commonwealth Ct. 73, 77, 547 A.2d 880, 882 (1988). Delliponti argues that the failure of the Borough to enact a comprehensive ordinance changes her status from "at-will" to "protected." [5] Moreover, even if her employment is still "at-will" no reduction can take place because the reduction in force provision has not been enacted.

■ Even if Delliponti is correct and no comprehensive system was enacted she gains no more rights than she had as an employee prior to the requirement to enact such a system. The failure of a legislative body to enact implementing legisla-

**3.** At the hearing Delliponti testified that in the first weeks after her termination she made tentative inquiries about three administrative assistant positions advertised in the local paper. These positions offered wages between $7.50 and $16.00/hour. However, she testified that she did not follow through on these positions preferring instead to await the results of this litigation.

**4.** Our standard of review is limited to a determination of whether constitutional rights were violated, an error of law committed, or a necessary finding of fact was unsupported by substantial evidence. *County of Beaver v. Funk,* 89 Pa.Commonwealth Ct. 226, 230 n. 4, 492 A.2d 118, 120 n. 4 (1985).

**5.** The Borough argues that it created the comprehensive system mandated by the Charter because its Code enacted such a system when it provided for reduction in force for the police and fire departments. It appears the Code established a "last hire, first fire" reduction in force policy for the police and fire departments in §§ 4–60(H) & 4–61(E)(4) respectively, as well as for union employees in its collective bargaining agreement. The Code provisions correspond with provisions in the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46190, which would have applied to the Borough prior to its adoption of a Home Rule Charter. By not including other employees the Borough contends that they were to continue to be "at will" and have no rights including reduction in force. Because of the manner in which we resolved this case, we need not address this issue.

tion does not confer rights on the parties to be affected by the legislation.[6] Generally, a positive action by a governmental body is required before a public benefit is conferred on an individual. *Hopewell Township v. Wilson*, 46 Pa.Commonwealth Ct. 425, 406 A.2d 610 (1979).

In *Hopewell* a zoning ordinance required the Township to act on a permit application within 15 days. We held that when the ordinance did not provide what was to happen if there was no action taken on the permit application within 15 days we were unable to deem the application approved or disapproved. A failure on the part of the zoning officer to act did not confer the benefit of application approval on the applicant, but rather formed the basis for an action in mandamus to require the zoning officer to perform his duties. The holding in *Hopewell* that no rights are conferred until implementing legislation is enacted is consistent with the principal that legislation is enacted to benefit the public good not to benefit private interests. *Commonwealth v. Seymour*, 120 Pa.Commonwealth Ct. 423, 428, 549 A.2d 246, 249 (1988). While there may be a cause of action in mandamus to compel enactment of a comprehensive system, until the Council has acted it cannot be presumed that such a system will vest any additional rights in Delliponti. Consequently, the Borough's purported failure to enact procedures for a reduction in force does not confer on Delliponti a right to her position and the Borough has inherent powers to remove her for economy reasons. *Fusaro v. Civil Service Commission of City of Pittsburgh*, 16 Pa.Commonwealth Ct. 1, 328 A.2d 916 (1974)

Because Delliponti was not made a civil service employee with the right to continued employment, nor was the Borough's power to conduct reductions in force limited in this instance, Delliponti has no right to her position nor to a

**6.** Our Supreme Court in *School Districts of Deer Lakes v. Kane,* 463 Pa. 554, 345 A.2d 658 (1975), held that "when a constitutional provision contemplates the enactment of implementing legislation, the provision should, absent clear language to the contrary, be interpreted as establishing general guidelines for the forthcoming legislation rather than mandatory directives as to its content."

hearing.[7] Accordingly, the order of the trial court reinstating Delliponti with full back pay is reversed.

## ORDER

AND NOW, this 7th day of January, 1993, the order of the Court of Common Pleas of Montgomery County dated September 27, 1991, Civil Action No. 91–01352, is reversed.

---

7. Because the Borough was acting within its authority when it eliminated Delliponti's position it is unnecessary for us to address the mitigation issue. However, mitigation of damages standards are set forth in *State Public School Building Auth. v. W.M. Anderson Co.,* 49 Pa.Commonwealth Ct. 410 A.2d 1329 (1980); and, *Coble v. Metal Township School District,* 178 Pa.Super. 301, 116 A.2d 113 (1955).