681 A.2d 1261

Anne DELLIPONTI, Appellant,

v.

William DeANGELIS, Mayor; Joseph Verruni, Municipal Administrator and Borough of Norristown, Appellees.

Supreme Court of Pennsylvania.

Submitted Aug. 8, 1994.

Decided July 30, 1996.

436

J. David Farrell, Norristown, for appellant.

Michael J. Ossip, Philadelphia, for appellees.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NIX, Chief Justice.

Appellant, Anne Delliponti, appeals from the order of the Commonwealth Court reversing the order of the court of common pleas which reinstated Appellant with back pay to the position of Administrative Assistant to the Chief of Police in the Borough of Norristown ("the Borough"). The issue raised in this case is whether the provisions of the Borough's Home Rule Charter ("the Charter") and Administrative Code provide Appellant with an expectation of continued employment in the nature of a property right such that the elimination of her job constituted an adjudication under Local Agency Law. For the reasons that follow, we reverse.

Appellant was hired by the Borough as a secretary on September 29, 1976. She subsequently received a promotion to the position of Administrative Assistant to the Chief of Police, a confidential employee position. On January 22, 1991, Appellant was notified by letter that her position was being eliminated effective January 25, 1991. At the time of Appellant's termination, she was one of four non-union administrative assistants employed by the Borough, and of those four, she had the most seniority.

Appellant filed an appeal from her termination to the Court of Common Pleas of Montgomery County under Pennsylvania's Local Agency Law.[1] The trial court held a hearing on a single factual issue. Appellant claimed that her position was eliminated for some reason other than economic necessity while the Borough argued that this was not true. No evidence was produced at trial to support Appellant's position, and the trial court concluded that the Borough acted without malice. Since there were no other material facts in issue, the matter then proceeded in the nature of a case stated.

The trial court held that "when the Borough failed to exempt [Appellant]'s position from the comprehensive system of personnel administration based on merit principles and subject to civil service rules, she became a civil servant

1. Act of April 28, 1978, P.L. 202, No. 53, 2 Pa.C.S. § 101 *et seq.*

entitled to due process with respect to layoffs and/or elimination of her position." *Delliponti v. DeAngelis,* 12 Pa. D. & C.4th 187, 193 (C.P.1991). The trial court then found that when the Mayor of Norristown eliminated Appellant's position because of economic concerns, her property interest in her employment was violated. *Id.* Thus, it stated that "the elimination of that position constituted an adjudication under Local Agency Law which cannot be accomplished absent a due process hearing." *Id.* (citing *In re Appeal of Colban,* 58 Pa. Commw. 104, 427 A.2d 313 (1981)). However, the trial court went on to note that a due process hearing would be to no avail in this case because there were no rules in the Administrative Code governing Appellant's lay-off or the elimination of her position. It also found that the only remedy was to reinstate Appellant with back pay. *Id.* at 194.

The Commonwealth Court reversed. *DeAngelis v. Delliponti,* 152 Pa. Commw. 518, 620 A.2d 35 (1993). It found that Appellant was not made a civil service employee with the right to continued employment and that the Borough's power to conduct reductions in force was not limited in this instance. *Id.* at 522–23, 620 A.2d at 37. Thus, the Commonwealth Court found that Appellant had no right to her position nor to a hearing. *Id.* This appeal followed.

It is well established that a borough is a local agency to which the Local Agency Law applies. *Guthrie v. Borough of Wilkinsburg,* 505 Pa. 249, 478 A.2d 1279 (1984). Under section 504 of the Local Agency Law, 2 Pa.C.S. § 504, a hearing and notice is required where there has been an adjudication. *Id.* at 254, 478 A.2d at 1281. Section 101 defines an adjudication as

[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is made.

2 Pa.C.S. § 101.

An individual employed by a government agency does not enjoy a property right in her employment unless she

has an expectation of continued employment. *Guthrie,* 505 Pa. at 256, 478 A.2d at 1282. That expectation may be guaranteed by statute, contract, or be quasi-contractual in nature. *Id.* If the individual has such an expectation, she is entitled to notice and a hearing under Local Agency Law, 2 Pa.C.S. § 553. *Gough v. Borough of Norristown,* 66 Pa. Commw. 401, 444 A.2d 839 (1982). If, however, the individual does not have an expectation of continued employment, she is an at-will employee who does not have a right to a hearing. *Rowe v. Township of Lower Merion,* 120 Pa. Commw. 73, 547 A.2d 880 (1988).

Section 512D of the Norristown Home Rule Charter states the following:

D. Council shall, in the Administrative Code, provide civil service rules and regulations, designed to promote efficient and fair personnel administration and high personnel standards, creating a Civil Service Commission and governing:

1. The appointment, promotion, demotion, suspension, removal, transfer, lay-off or discipline of Borough employees; and

2. The exemption, if desired, of certain Borough employees from civil service rules and regulations.

(R.R. at 27a). Additionally, Section 513 of the Charter provides in pertinent part:

Council shall adopt, in the Administrative Code or other ordinance, a comprehensive system of personnel administration based on merit principles which shall include, but not be limited to, provisions for:

. . . .

C. Policies and procedures regulating the reduction in force, disciplinary action, and suspension and removal of employees.

(R.R. at 28a).

Pursuant to these provisions of the Borough's Charter, Council adopted the Norristown Administrative Code. Section 4–57 of the Code provides grounds and procedures for the suspension, removal, transfer, or demotion of a permanent

employee for just cause; it does not provide for lay-offs or reductions in force.[2] Sections 4–60 and 4–61 provide procedures for the suspension, demotion and removal of police officers and fire department employees, respectively. Furthermore, for the purposes of economy or other reasons, these sections specifically provide for reductions in force by furloughing employees.

Appellant contends that she had a reasonable expectation of continued employment based upon provisions of the Borough of Norristown Home Rule Charter and the Norristown Administrative Code. Clearly, the plain meaning of section 512D of the Home Rule Charter is that unless Council affirmatively exempts certain Borough employees, each such employee is covered by the civil service rules and regulations. Instantly, neither the Charter nor the Administrative Code exempts Appellant's position from the civil service rules and regulations. Thus, Appellant has a property interest in her employment.

Additionally, section 513 mandates that Council shall establish provisions governing reductions in force. The Code

2.  A.  No permanent employee of the borough shall be suspended, removed, transferred or demoted from his/her office, except for the following reasons:
(1) Neglect of duty.
(2) Incompetency or inefficiency or incapacity due to mental or physical disability.
(3) Insubordination or serious breach of discipline.
(4) Drinking on duty or at any time in a working day.
(5) Committing a criminal act.
(6) Disobedience of a rule or regulation of the borough.
(7) Conduct unbecoming to a public employee.
(8) Violation(s) of the Home Rule Charter.
B.  Employees not covered under contracts hall be served with a written complaint setting forth the charge(s) against them with notice of a designated hearing with the Personnel Committee of the Council which shall not be less than fifteen (15) nor more than thirty (30) days from the date of the complaint. Notwithstanding the aforesaid unless otherwise provided by law, any employee may be summarily suspended prior to said hearing, with or without pay, if it is deemed that the circumstances so warrant. If, after the hearing, it appears that the suspension was not proper, the Municipal Administrator may order reinstatement with back pay.
§ 4–57 Norristown Administrative Code.

allows furloughing of police officers and fire department employees because of economic necessity. With respect to Appellant's position, however, the Administrative Code fails to provide rules for lay-offs or any other regulations governing reductions in force based on economic necessity. Reading section 512D and 513 together, it is clear that Council failed to include in the Administrative Code rules and regulations required by the Home Rule Charter.

The Borough cites *Hill v. Harrisburg Hous. Auth.*, 31 Pa. Commw. 157, 375 A.2d 859 (1977), and *Sergi v. Pittsburgh School Dist.*, 28 Pa. Commw. 576, 368 A.2d 1359 (1977), in support of its argument that section 4–57 grants Appellant only a limited property interest in employment, since this section merely limits the grounds for terminating employment based on individual conduct. It submits that this section of the Code does not give rise to any property interest where economic reasons require the elimination of a position. Thus, the Borough argues that Appellant had no guarantee of continued employment with regard to a reduction in force for economic reasons. However, *Hill* and *Sergi* are distinguishable from the instant case.

In *Hill*, the Commonwealth Court considered the application of section 951(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.951(a), to state employees. Section 951(a) limits the authority of the Commonwealth to make adverse determinations regarding "regular employes" with respect to "permanent separation, suspension for cause, furlough or demotion." The plaintiff in *Hill* was replaced while on leave of absence. The Commonwealth Court held that removal and leave of absence were different, and since leave of absence was not included in section 951(a), the plaintiff was not entitled to a hearing. *Hill*, 31 Pa. Commw. at 165, 375 A.2d at 862.

Similarly, in *Sergi*, the plaintiff's position of associate director of the Pittsburgh School District was eliminated for economic reasons. The plaintiff argued that he was entitled to a hearing under the provisions of the Local Agency Law. The Commonwealth Court held that the plaintiff was a nonprofes-

sional employee, and as such, section 514 of the Public School Code, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 5–514, provided only limited statutory protection from dismissal. *Sergi*, 28 Pa. Commw. at 581, 368 A.2d at 1361. Section 514 did not, however, protect against terminations for economic reasons. *Id.* Thus, the Commonwealth Court found no statutory guarantee that would give rise to a property interest. *Id.* at 581, 368 A.2d at 1361–62.

Unlike the two cases cited by the Borough, in the instant case there is specific enabling legislation, *i.e.* the Norristown Home Rule Charter, which mandates that civil service rules and regulations be enacted to cover lay-offs of Borough employees and, if desired, the exemption of certain Borough employees from the civil service rules and regulations. Additionally, the enabling legislation requires that Council adopt a comprehensive system of personnel administration including reductions in force. Council did not exempt Appellant's position from the civil service rules and regulations relating to lay-offs. Moreover, the Code provides rules relating to lay-offs regarding other positions. Had council chosen to exempt Appellant's position from the civil service rules regarding lay-offs, it could have done so. It chose not to. We find that the Borough's failure to exempt Appellant's position from the comprehensive system of personnel administration subject to civil service rules and regulations relating to lay-offs afforded her a legitimate expectation of continued employment in the nature of a property interest. Thus, Appellant was entitled to notice and a hearing with respect to the elimination of her position because of economic reasons.

Appellant, however, did not receive adequate notice and a hearing in this matter. The elimination of Appellant's position constituted an adjudication. *See In re Appeal of Colban*, 58 Pa. Commw. 104, 427 A.2d 313 (1981). Thus, she was entitled to notice and a hearing under Local Agency Law, 2 Pa.C.S. § 553, but only received a letter notifying her that her position was being eliminated three days later on January 25, 1991. However, as the trial judge found, in this case a hearing would not have accomplished anything. As discussed above, there

are no rules or regulations regarding Appellant's lay-off or the elimination of her position. Thus, the trial court held that "the only appropriate remedy is to set aside the adjudication and reinstate [Appellant] with back pay." *Delliponti v. De Angelis,* 12 Pa. D. & C.4th 187, 194 (C.P.1991).

The Borough argues that even if this Court finds that Appellant was entitled to notice and a hearing before her position was eliminated, Appellant is not entitled to reinstatement with full back pay because she has not mitigated her damages. The trial court did not mention this issue, and the Commonwealth Court did not address this issue because of its resolution of the case. We reject the Borough's mitigation of damages argument and hold that the trial court correctly reinstated Appellant with back pay.

It is well established that one who suffers a loss due to breach of contract has a duty to make reasonable effort to mitigate her damages. *Bafile v. Borough of Muncy,* 527 Pa. 25, 588 A.2d 462 (1991). In an employment case, the measure of damages is the wages which were to be paid less any amount actually earned or which might have been earned through the exercise of reasonable diligence in seeking other similar employment. *Appeal of Edge,* 147 Pa. Commw. 27, 606 A.2d 1243 (1992). The burden is on the breaching party to show that the losses could have been avoided. *Id.* This burden can be established "by proving that other substantially equivalent positions were available to [Appellant] and that [she] failed to use reasonable diligence in attempting to secure those positions." *Id.* at 34, 606 A.2d at 1247.

The Borough argues that it clearly met its burden of proof that Appellant failed to mitigate her damages. It submits that Appellant did not take the necessary steps to obtain employment. It also alleges that there were unquestionably comparable jobs available. Even assuming that Appellant did not take necessary steps to obtain employment, the Borough has not met its burden of proof. To support its argument, the Borough cites to Appellant's testimony that she made telephone inquiries regarding three job openings she

read about in the newspaper but did not pursue any other jobs. (R.R. at 22a–23a; 48a). This testimony in addition to the Borough's assertion that there were unquestionably comparable jobs available does not establish that there were actual vacant positions available to Appellant. *See Appeal of Edge,* 147 Pa. Commw. at 34, 606 A.2d at 1247. Thus, the Borough has not met its burden of proof, and the trial judge properly reinstated Appellant with back pay.

Accordingly, the order of the Commonwealth Court is reversed and the order of the Court of Common Pleas of Montgomery County is reinstated.

ZAPPALA, J., files a dissenting opinion in which FLAHERTY, J., joins.

ZAPPALA, Justice, dissenting.

I respectfully dissent and would affirm the decision of the Commonwealth Court. Appellant's status as an at-will employee was not altered by the Borough's failure to implement a comprehensive personnel system pursuant to the Home Rule Charter. As noted in the Commonwealth Court opinion, the failure of a legislative body to enact implementing legislation does not confer rights on the parties who would be affected by the legislation. *See DeAngelis v. Delliponti,* 152 Pa. Commw. 518, 620 A.2d 35 (1993). Accordingly, because Appellant was not made a civil service employee, she did not acquire the right to continued employment and does not have a property interest in her position as Administrative Assistant.

FLAHERTY, J., joins in this dissenting opinion.